UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
IN RE: NEW YORK
      ASBESTOS LITIGATION
------------------------------------------------------------------x
This Document Relates To:

JOHN ALEXANDER,

                            Plaintiff(s),

             -against-

AMCHEM PRODUCTS, INC., ET AL.,

                            Defendants.
------------------------------------------------------------------x

Civil Action No.:_____

**NOTICE OF REMOVAL**

JUDGE CASTEL

07 CV 6441

JUL 16 2007
U.S.D.C. S.D. N.Y.
CASHIERS

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendants Ford Motor Company and General Motors Corporation ("Defendants"), by its attorneys, hereby removes to the United States District Court for the Southern District of New York the action entitled *John Alexander and Braulia Alexander v. Amchem Products, Inc., et al.,* Index No. 117395/06 ("Alexander Action"), now pending in the Supreme Court of the State of New York, County of New York. The pertinent facts relating to this action and the grounds for removal are as follows:

**Commencement of the Action**

1.     On November 21, 2006, plaintiff commenced this action by filing a Summons and Verified Complaint in the Supreme Court of the State of New York, County of New York, entitled *John Alexander v. Amchem Products, Inc., et al.,* Index No. 117395/06. A copy of the Summons and Verified Complaint ("Complaint") is attached hereto as **Exhibit A**. On December 12, 2006, plaintiff filed a Supplemental Summons and Amended Verified Complaint in the Supreme Court of the State of New York, County of New York, entitled *John Alexander v.*

580371v

*Amchem Products, Inc., et al.*, Index No. 117395/06. A copy of the Supplemental Summons and Amended Verified Complaint ("Amended Complaint") is attached hereto as **Exhibit B**. On March 22, 2007, plaintiffs filed a Supplemental Summons and Second Amended Verified Complaint in the Supreme Court of the State of New York, County of New York, entitled *John Alexander and Braulia Alexander v. Amchem Products, Inc., et al.*, Index No. 117395/06. A copy of the Supplemental Summons and Second Amended Verified Complaint ("Second Amended Complaint") is attached hereto as **Exhibit C**.

2. At the time of the filing of the Complaint, the Amended Complaint, and the Second Amended Complaint, the Alexander Action was not removable due to the joinder of New York citizen defendants Amchem Products, Inc., General Electric Company, Standard Motor Products, Inc., and Union Carbide Corporation. To the best of Defendants' knowledge, the Complaint, Amended Complaint, and Second Amended Complaint constitute all the process, pleadings and orders that have been served on Defendants in the case to date.

3. This action is an asbestos personal injury action whereby plaintiff is asserting damages purportedly resulting from exposure to asbestos-containing materials.

4. The Answers on behalf of Defendants are attached hereto as **Exhibit D**.

**Jurisdiction**

5. Defendants are entitled to remove the action to this Court pursuant to the provision of 28 U.S.C. §1441 as an action over which the Court has original federal jurisdiction under 28 U.S.C. § 1332 as there exists complete diversity among the ***properly*** joined parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.

**Timeliness of Removal**

6. Defendants first became aware of the grounds for removal during the June 19, 2007 pretrial conference before the Honorable Louis B. York. During that conference, counsel

for plaintiffs informed Justice Louis B. York and Defendants of the updated list of remaining defendants in the Alexander Action for the first time: "Bendix [Honeywell], AMCHEM, Chrysler, Ford, GM, International Truck, Union Carbide and Volkswagen." *See* June 19, 2007 Transcript before the Hon. Louis B. York, attached hereto as **Exhibit E**. The other defendant companies named in the Complaint, Amended Complaint, and Second Amended Complaint were either dismissed from the case or settled with the plaintiffs without notice to Defendants of such dismissals or settlements. Consequently, this Notice is timely filed pursuant to the provisions of 28 U.S.C. § 1446 (b).

**The Amount in Controversy**

7.  The amount in controversy in this case exceeds the sum of $75,000, exclusive of interest and costs, based on plaintiffs' prayer for $10,000,000 in compensatory damages as alleged in the Complaint. *See* Complaint and Weitz & Luxenberg P.C. Standard Asbestos Complaint for Personal Injury No. 7 referenced in the Complaint, attached hereto as **Exhibit F**.

**Complete Diversity Among Properly Joined Parties**

8.  Plaintiffs are residents of the State of New York.

9.  Defendant Honeywell International, Inc., f/ka Allied Signal/Bendix is incorporated in the State of Delaware with its principal place of business in the State of New Jersey. Upon information and belief, Honeywell International, Inc. was served with the Complaint on or about April 30, 2006.

10. Defendant Ford Motor Company is incorporated in the State of Delaware with its principal place of business in the State of Michigan. Upon information and belief, Ford was served with the Complaint on or about November 30, 2006.

11. Defendant General Motors Company is incorporated in the State of Delaware with its principal place of business in the State of Michigan. Upon Information and belief,

General Motors was served with the Complaint on or about November 30, 2006.

12. Defendant International Truck and Engine Corporation is incorporated in the State of Illinois and has its principal place of business in the State of Illinois.

13. Defendant Volkswagen of America, Inc. is incorporated in the State of New Jersey and has its principal place of business in the State of Michigan. Upon information and belief, Volkswagen was served with the Amended Complaint on or about December 21, 2006.

14. Upon information and belief, defendant Union Carbide is incorporated in the State of New York with its principal place of business in the State of Connecticut. However, the citizenship of Union Carbide is irrelevant and should be disregarded because it was fraudulently joined in the state court action (discussed in more detail below). *See Fahnestock & Co. v. Castelazo,* 741 F. Supp. 72 (S.D.N.Y. 1990); *see also American Mutual Liability Insurance Co. v. Flintkote Co.,* 565 F. Supp. 843, 845 (S.D.N.Y. 1983); *Quinn v. Post,* 262 F. Supp. 598, 602 (S.D.N.Y. 1967).

15. Similarly, the citizenship of Amchem Products, Inc., n/k/a Bayer CropScience Inc. is irrelevant and should be disregarded because it was fraudulently joined in the state court action. Defendant Amchem Products, Inc. was sued under the name: "Amchem Products, Inc., n/k/a Rhone Poulenc AG Company, n/k/a Bayer Cropscience Inc." *See* Complaint, Amended Complaint and Second Amended Complaint (Exhibits A, B, and C respectively). Upon information and belief, Amchem Products, Inc. was incorporated in the State of Pennsylvania with its principal place of business in Pennsylvania. However, according to Amchem Products, Inc's own interrogatory responses filed in the New York County Asbestos Litigation for all asbestos-related cases filed in New York County, Amchem Products, Inc. "has no employees," "no longer transacts business or maintains a corporate office" and "merged with another corporation and ceased to exist as a separate entity". *See* Responses of Defendant Sued

Incorrectly Herein As Amchem Products, Inc. (individually and as successor to Benjamin Foster) to Plaintiff's First Standard Set of Liability Interrogatories and Request For Production of Documents (Amchem's Interrogatory Responses), pp. 4-5, 11, attached hereto as **Exhibit G**. Therefore, Amchem Product Inc.'s citizenship should not be considered for removal purposes. Amchem's Interrogatory Responses further states that Amchem Products, Inc. merged with UCAR Corporation (a subsidiary of Union Carbide) in 1977, changed its name several times before it was sold to Rhone-Poulenc Inc., was later renamed RP Ag Company, and following several more name changes and transactions, Amchem believes that the current corporate successor is Bayer CropScience, Inc. *See Id.* pp. 1, 9. Upon information and belief, Bayer CropScience, Inc. was incorporated in the State of New York and has its principal place of business in North Carolina. However, Bayer CropScience's citizenship is irrelevant and should be disregarded because it was fraudulently joined in the state court action. (Discussed in more detail below). *See Fahnestock, supra; see also American Mutual Liability Insurance Co., supra; Quinn, supra.*

**Fraudulent Joinder**

16. Union Carbide and Bayer CropScience[1] were brought into this action for the sole purpose of defeating federal diversity jurisdiction as Union Carbide and Bayer Crop Science have no real connection to this matter and there is no reasonable basis from the pleadings and the discovery to date such that plaintiffs can state a cause of action against either Union Carbide or Bayer CropScience.

17. Plaintiff's interrogatory responses do not state that plaintiff was exposed to an asbestos-containing product manufactured or sold by Union Carbide or Bayer CropScience. Furthermore, plaintiff's discovery deposition was conducted on January 30 and January 31, 2007

---

[1] Union Carbide and Bayer CropScience are represented by the same law firm, Anderson, Kill & Olick, P.C.

at plaintiff's counsel's law offices in New York, New York. During the course of that deposition, plaintiff alleged exposure to a variety of asbestos-containing products during the course of his career as an automobile mechanic and identified a variety of products manufactured by a host of different companies. Significantly, plaintiff did not allege any exposure to any asbestos-containing products manufactured by Union Carbide or Bayer CropScience. In fact, counsel for Union Carbide and Bayer CropSciences's did not ask the plaintiff a single question during the deposition.

18. Accordingly, inasmuch as Union Carbide and Bayer CropScience have no real connection to this case, were not identified by plaintiff as the manufacturer or seller of an asbestos-containing product to which he was exposed, and there is no reasonable basis from the pleadings and the discovery to date such that plaintiffs can state a cause of action against Union Carbide or Bayer CropScience, Union Carbide and Bayer CropScience were fraudulently joined in an effort to defeat federal diversity jurisdiction.

**Joinder by All Remaining Defendants**

19. All remaining properly joined defendants, with one exception.[2] *See* Consent attached as **Exhibit H.**

20. Based upon the above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. This action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441.

21. Pursuant to 28 U.S.C. § 1446, a copy of this Notice of Removal is being filed with the Supreme Court of the State of New York, County of New York.

22. Pursuant to Rule 81.1(b) of the Local Civil Rules of the United States District

---

[2] Counsel for International Truck and Engine Corporation suggests they are in the midst of settlement negotiations with plaintiffs and expects to settle prior to trial.

580371v                                                                 6

Court for the Southern District of New York, Defendants will file with the Clerk of this Court a copy of all records and proceedings in the state court within 20 days of the filing of this Notice of Removal.

**WHEREFORE,** Ford Motor Company and General Motor Corporation, with the consent of all remaining properly joined defendants, respectfully removes this civil action from the Supreme Court of the State of New York, County of New York to this Court.

Dated: New York, New York
July 12, 2007

By: Jay A. Rappaport 5977
AARONSON RAPPAPORT FEINSTEIN
& DEUTSCH, LLP
*Attorneys for Defendants*
**Ford Motor Company and
General Motors Corporation**
757 Third Avenue
New York, New York 10017
(212) 593-6700

To: WEITZ & LUXENBERG, P.C.
*Attorneys for Plaintiffs*
180 Maiden Lane
New York, New York 10038

Francis F. Quinn, Esq.
LAVIN, O'NEIL, RICCI, FINARELLI & GRAY
*Attorneys for INTERNATIONAL TRUCK AND ENGINE CORP.*
420 Lexington Avenue, Suite 2900
Graybar Building
New York, New York 10170

Don Pugliese, Esq.
MCDERMOTT, WILL & EMERY
*Attorneys for HONEYWELL INTERNATIONAL, INC.*
340 Madison Avenue
New York, New York 10173-1922

Judith Yavitz, Esq.
ANDERSON, KILL & OLICK, P.C.
*Attorneys for AMCHEM PRODUCTS, INC., N/K/A RHONE POULENE AG CO., N/K/A BAYER CROPSCIENCE, INC. CERTAINTEED CORP. AND UNION CARBIDE CORP.*
1251 Avenue of the Americas
New York, New York 10020

Joseph Churgin
HERZFELD & RUBIN, P.C.
*Attorneys for VOLKSWAGEN OF AMERICA, INC.*
40 Wall Street, 54th Floor
New York, New York 10005

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK            )
                             ss.:
COUNTY OF NEW YORK           )

    Milady Heugas, being duly sworn, deposes and says: that deponent is not a party to the action, is over 18 years of age and resides at Bronx County.

    That on the 16th day of July, 2007, deponent served the within **NOTICE OF REMOVAL** on behalf of FOR MOTOR COMPANY and GENERAL MOTORS upon:

WEITZ & LUXENBERG, P.C.
*Attorneys for Plaintiffs*
180 Maiden Lane
New York, New York 10038

Francis F. Quinn, Esq.
LAVIN, O'NEIL, RICCI, FINARELLI & GRAY
*Attorneys for INTERNATIONAL TRUCK AND ENGINE CORP.*
420 Lexington Avenue, Suite 2900
Graybar Building
New York, New York 10170

Don Pugliese, Esq.
MCDERMOTT, WILL & EMERY
*Attorneys for HONEYWELL INTERNATIONAL, INC.*
340 Madison Avenue
New York, New York 10173-1922

Judith Yavitz, Esq.
ANDERSON, KILL & OLICK, P.C.
*Attorneys for AMCHEM PRODUCTS, INC., N/K/A RHONE POULENE AG CO., N/K/A BAYER CROPSCIENCE, INC. CERTAINTEED CORP. AND UNION CARBIDE CORP.*
1251 Avenue of the Americas
New York, New York 10020

Joseph Churgin
HERZFELD & RUBIN, P.C.
*Attorneys for VOLKSWAGEN OF AMERICA, INC.*
40 Wall Street, 54th Floor
New York, New York 10005

at the address designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

                                                _____
                                                      Milady Heugas

Sworn to before me this
16th day of July, 2007

_____
Notary Public

TRACY EASON
Commissioner of Deeds
City of New York - No. 4-4611
Certificate Filed in New York County
Commission Expires May 1, 20 09

580371v