Q60.  State the names and addresses of all professional, trade, industrial, safety, hygiene, or health associations and research foundations or organization you have been a member of since 1930 indicating for each association:

a.    The inclusive dates of your membership;

b.    The names of your employees who attended meetings and the dates and designation of such meetings;

c.    The positions held by any of your employees;

d.    The location of all minutes, digests, reports and documents received or concerning such association.

RESPONSE: See Amchem's General Objections. Subject to its objections, Amchem responds as follows:

a.    Amchem Products, Inc. sold the Benjamin Foster Division in 1976 to H.B. Fuller Company and then ceased to manufacture or sell all products which contained asbestos except for TRE-HOLD. In 1977, Amchem merged with another corporation and ceased to exist as a separate entity. Amchem's available records do not provide further information responsive to this Interrogatory.

b.    Amchem was a member of the Adhesive and Sealant Council (ASC). (Amchem's available records do not indicate whether the Adhesive and Sealant Council engaged in the above activities.) Wayne P. Ellis, Amchem's former Director of Research, now deceased, served on a number of committees of, and was the president of The American Society for Testing and Materials (ASTM) which has promulgated some standards relating to asbestos. Robert Sage, former Amchem employee, attended some ASTM, ASC, American Society of Civil Engineers and Philadelphia Society for Paint Technology meetings. Amchem has no further information about organization meetings, which may have been attended by other Amchem employees or officers.

c.    Wayne P. Ellis, Amchem's former Director of Research, now deceased, served on a number of committees of, and was the president of The American Society for Testing and Materials (ASTM).

d.    Amchem's available records do not indicate that any Amchem employee or representative received or submitted any such documents.

Q61.    When did you first learn that there were health hazards associated with the use and/or fabrication of asbestos containing products? State the date, source, nature and extent of such information.

RESPONSE:    See Amchem's General Objections. Amchem objects to this Interrogatory as calling for an expert medical or scientific opinion. Amchem further objects to this Interrogatory's incorrect assumption that any Amchem product which contained asbestos created a health hazard. Subject to its objections, Amchem responds as follows: Amchem, through its Director of Research, Wayne P. Ellis, recognized that possible adverse health effects were associated with inhaling any type of dust particle, and in the late 1960's or early 1970's, learned of potential hazards associated with the inhalation of asbestos fibers, but does not recall this information being tied to particular diseases. In approximately May, 1972, Mr. Ellis read an article entitled "Asbestos: Airborne Danger" in the May-June, 1972 issue of Safety Standards, a magazine published by the United States Department of Labor, Occupational Safety and Health Administration. In January, 1973, Mr. Ellis read an article published in the January 21, 1973 edition of the New York Times Sunday Magazine entitled, "Asbestos, the Saver of Lives, Has a Deadly Side." Other articles or publications are contained in the document repository. None of these articles stated that any of the types of products manufactured by Amchem posed any health hazard. Amchem surveyed its products and believed that its products posed no such health hazards due to the fact that all fiber in its products was encapsulated and thus did not pose a health hazard. Amchem was further aware of the exemption from the OSHA warning

requirements for products like those made by Amchem. See 37 Federal Register No. 110, pp.

11316-11322 (June 7, 1972).    See Amchem's response to Interrogatory No. 11, regarding

encapsulation, including all objections set forth therein.

Q62.   Have you knowledge of any deaths or cases of lung disease or lung impairment prior to
       1975 among your employees engaged in the manufacture or use of asbestos products
       which are attributable to, or were alleged to be caused by, the inhalation of asbestos dust
       or fibers? If so, give the name and address of each such employee, identify all medical
       records possessed in relation to the employee, and state whether reports of occupational
       disease were furnished to any bureau, branch or governmental body of the relevant state;
       attach copies of the latter.

RESPONSE: See Amchem's General Objections. Amchem further objects to this Interrogatory

on the grounds that it calls for information irrelevant, immaterial, and not reasonable calculated

to lead to the discovery of admissible evidence, especially in that it seeks information regarding

alleged consequences of exposures to other companies' products in circumstances and conditions

different from those alleged in Plaintiff's complaint. Subject to its objections, Amchem responds

as follows: Amchem is not aware of any asbestos-related diseases in any of its employees.

Q63.   If any of your employees or officers have testified at trial or by deposition in any
       litigation or before any Congressional Committee or administrative agency concerning
       asbestos exposure, pulmonary or asbestos related diseases or industrial hygiene relating
       to asbestos use, state:

       a.     The name, address and title of each person who testified;

       b.     The date, location and forum of such testimony;

       c.     Whether the defendant has a copy of such testimony;

       d.     Whether the defendant will voluntarily produce a copy of such testimony.

RESPONSE: See Amchem's General Objections. Amchem objects to this Interrogatory as

overly broad, unduly burdensome, oppressive, harassing and not reasonably calculated to lead to

the discovery of admissible evidence. Subject to these objections, Amchem responds as follows:

a – b.  Wayne P. Ellis, Amchem's former Director of Research, testified in *Victor L.*

*Martin v. American Petrofina, Inc., et al.*, Case No. 83-365-A, in the United States District Court

for the Middle District of Louisiana on April 24, 1984. Mr. Ellis is deceased. Irvin Steltz, a

retired Benjamin Foster employee, testified on a telephonic deposition in *In Re: MON MASS* II,

in the Circuit Court of Monongalia County, West Virginia on December 30, 1997. Robert

Lucian Cirrito, a retired former employee of Amchem who was neither an executive or officer

nor a managerial employee, was deposed in the case of *In Re: All Asbestos Cases v. Owens*

*Corning Fiberglas Corporation et al.*, in the Virginia Circuit Court for the City of Newport

News, Case No. CL 99-2000000-00, on August 13, 2002. Robert Sage, a retired former

employee of Amchem, who was neither an executive nor an officer, was deposed in the case of

*In Re: All Asbestos Cases v. Owens Corning Fiberglas Corporation et al.*, in the Virginia Circuit

Court for the City of Newport News, Case No. CL 99-2000000-00, on August 14, 2002. Robert

Sage was also deposed in the case of *Flowers v. Aqua-Chem, Inc. et al.* in Fulton County,

Georgia, Case No. 01-VS-014834-D. Amchem's available records do not provide information

regarding additional testimony on asbestos related matters by employees at a deposition, trial or

public hearing before a governmental body.

c – d. Amchem's counsel maintains a copy of the above-listed testimony and will

produce copies, pursuant to an appropriate request.

Q64.  Have you or any employee or agent of yours ever communicating with an agency or
department of the United States concerning specifications and/or standards for any
asbestos product or thermal insulation product? If so state separately for each product or
set of specifications:

   a.    Identify each such product and its military or federal specification or standard;

   b.    The intended purpose or use for the product so specified;

   c.    The date, time and place of each communication including:

(1)    The name of each of your agents or employees who participated in each communication;

(2)    The names, titles, and agencies of each individual with whom such communication was had;

(3)    The subject of the communication;

(4)    Whether any notes, minutes or memoranda in any form were recorded of such communication or of any meetings between you and the agency;

(5)    Whether any documents were submitted to the agency;

(6)    If (4) or (5) is answered in the affirmative state the name, and location of the custodian of such records.

RESPONSE: See Amchem's General Objections. Amchem further objects to this Interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to its objections, Amchem responds as follows: Amchem's available records do not provide information responsive to this Interrogatory. The discovery process and Amchem's own investigation into this matter are ongoing. Amchem thus reserves its right to dispute this Interrogatory and supplement this response as information in this case warrants.

Q65.   Does your company recognize that:

a.     Asbestos causes asbestosis;

b.     Asbestos exposure leads to an individual contracting asbestosis;

c.     There is a correlation between exposure to asbestos and the occurrence of asbestosis;

d.     Asbestos causes lung cancer;

e.     There is a correlation between asbestos exposure and the occurrence of lung cancer;

f.     Asbestos contributes to the development of gastrointestinal cancer;

g.     That a portion of inhaled asbestos fibers remain in the lungs after being inhaled into the human body and are not destroyed;

h.  The symptoms of asbestosis and other asbestos-induced lung diseases or cancers may not manifest themselves until many years after the asbestos was inhaled into the body;

i.  Prolonged use of the asbestos material can cause or contribute to various occupational diseases, including asbestosis, mesothelioma, cancer and other lung and respiratory diseases;

j.  The use of asbestos insulating products listed in Answer (10) are dangerous and harmful to human health;

k.  There is a connection between the inhalation of asbestos dust and fibers and the disease mesothelioma;

If your answer to any part of this question is "Yes", explain when you came to this knowledge and what, if anything, you have done about it to notify the public or users of your products. If your answer is that your products are not harmful then explain what facts and tests were made upon which you base such conclusion.

RESPONSE: See Amchem's General Objections. Amchem objects to this Interrogatory on the grounds that it is overly broad, vague and ambiguous. Amchem also objects to this Interrogatory to the extent it calls for Amchem to render a legal conclusion. Amchem further objects to this Interrogatory to the extent it calls for Amchem to render an expert scientific or medical opinion. Subject to its objections, Amchem responds as follows:

a - e. Amchem recognizes that there is evidence that inhalation under certain circumstances at certain levels without adequate protection, and over time, may result in asbestosis and lung cancer and most lung cancer is caused by smoking. Amchem reserves the right to have an expert witness address these issues.

f.  Amchem recognizes that there is evidence that the excessive inhalation of asbestos fiber may be associated with the development of serious and potentially fatal disease. Amchem's available records do not provide further information responsive to this interrogatory.

g - h. Amchem recognizes that there is evidence that the excessive inhalation of asbestos fiber may be associated with the development of serious and potentially fatal disease.

. Amchem's available records do not provide further information responsive to this interrogatory. Amchem reserves the right to have an expert witness address these issues.

     i.     Amchem recognizes that there is evidence that inhalation under certain circumstances at certain levels without adequate protection, and over time, may result in asbestosis and lung cancer or mesothelioma, although there may also be idiopathic mesothelioma and most lung cancer is caused by smoking. Amchem recognizes that there is evidence that the excessive inhalation of asbestos fiber may be associated with the development of serious and potentially fatal disease. Amchem also understands that the onset and development of such disease in a person may be related to and affected by, among other factors: the particular type of fiber that is inhaled; cigarette smoking; and environmental conditions, in addition to the person's medical history and condition.

     j.     Amchem never manufactured, sold or distributed any asbestos-containing product potentially at issue in this litigation that was not a fully encapsulated mastic, coating, sealant or adhesive. Accordingly, since any asbestos contained in an Amchem product was encapsulated in binder material, it did not pose a danger to human health. See Amchem's response to Interrogatory No. 11, including all objections set forth therein.

     k.     Amchem recognizes that there is evidence that inhalation under certain circumstances at certain levels without adequate protection, and over time, may result in mesothelioma, although there may also be idiopathic mesothelioma. Amchem reserves the right to have an expert witness address these issues.

Q66.   Have any workman's compensation claims based on asbestosis, mesothelioma, lung cancer, other cancers, asbestos-induced diseases, or lung diseases been filed against you? If so, for each claim state:

     a.     The date, place filed, reference numbers and outcome of each claim;

     b.     Whether you advised your workers' compensation carrier of the claims;

c.    The location and custodian of all records of claims and correspondence with your compensation carrier.

RESPONSE: See Amchem's General Objections. Subject to its objections, Amchem responds as follows: Amchem is not aware of any workers compensation claims filed against it for an asbestos-related injury or disease.

Q67.  Have you as part of your business ever employed any steam plant operators, boiler repair workers, insulator or had a division or unit which installed insulation materials on a contract by contract basis (e.g., a "contract unit")? If so, state:

a.    The location where such persons or unit was based;

b.    The names of the operators or managers of the contract units;

c.    Whether there existed rules, regulations and/or work practices that were to be followed by such employees;

d.    Were such employees ever required to wear respirators. If so, please state:

(1)    Whether the requirement was by written regulation or oral direction;

(2)    The names of the people in your firm originating such a requirement or in charge of enforcing it;

(3)    The date the requirement was imposed for the first time.

e.    Have such former employees ever field workmen's compensation claims due to lung or coronary illness. If so, for each such claim, state the date, jurisdiction, docket number and outcome of the claims.

RESPONSE: See Amchem's General Objections. Subject to its objections, Amchem responds as follows: No, Amchem's available records do not indicate that Amchem ever had or operated any such contract unit.

Q68.  State the total number of employees of your or your contract unit receiving benefits under any Occupational Disease or Workers' Compensation statute for asbestosis, mesothelioma, bronchogenic carcinoma and/or cancer of the stomach, colon or rectum for each year, from the date that you first manufactured, distributed or sold any asbestos-containing products until the present time.

RESPONSE: See Amchem's General Objections. Amchem objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, harassing and not reasonably calculated to

lead to the discovery of admissible evidence, and calls for information that is irrelevant and immaterial. Subject to its objections, Amchem responds as follows: Amchem's available records do not indicate that any former Amchem employees are receiving such benefits. See Amchem's response to Interrogatory No. 66, including all objections stated therein.

Q69.  State by year the total dollar amount paid out by you, your contract unit and/or your insurance carrier as a result of claims under any Occupational Disease or Workers' Compensation statute for asbestosis, mesothelioma, bronchogenic carcinoma and/or cancer of the stomach, colon or rectum.

RESPONSE: See Amchem's General Objections. Amchem objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible evidence, and calls for information that is irrelevant and immaterial. Subject to its objections, Amchem responds as follows: See Amchem's response to Interrogatory No. 68, including all objections stated therein.

Q70.  Identify any action, other than workers' compensation claims, brought against you by claimants injured as a result of exposure to asbestos and asbestos-containing products prior to 1970, stating the court in which the action was brought, the date of filing, case style, and case number.

RESPONSE: See Amchem's General Objections. Amchem objects to this Interrogatory as irrelevant, immaterial, overly broad, unduly burdensome, oppressive, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Subject to its objections, Amchem responds as follows: Amchem, through its attorneys, has records of certain past cases naming Amchem. Amchem could create a list of cases filed before 1970, but the burden of creating such a list would greatly outweigh its relevance and much of the information sought is a matter of public record.

Q71.  State separately for each calendar year for the period 1928 to the present:

        a.      The total amount of asbestos mined by your company;

        b.      The total pound volume of asbestos fibre purchased by your company;

c. The total pound volume of asbestos used by your company in its manufacturing processes;

d. The total pound volume of asbestos sold by your company;

e. The total pound volume of asbestos acquired by your company in any manner other than mining or purchase, and identify the manner of acquisition for each year;

f. The total dollar value of asbestos mined by your company;

g. The total dollar value of asbestos purchased by your company;

h. The total dollar value of asbestos used by your company in its manufacturing process;

i. The total dollar value of asbestos sold by your company;

j. The total dollar value of all asbestos-containing products sold by you;

k. The total number of pounds or linear feet of each asbestos product sold by you and the dollar value of such sales;

l. The percentage of sales by dollar value and by linear foot and weight of your asbestos as compared to all asbestos sold in the United States;

m. The percentage of sales by dollar value and by linear foot and weight of your asbestos-containing material as compared to all asbestos-containing materials sold in the United States.

RESPONSE: See Amchem's General Objections. Amchem objects to this Interrogatory as overly broad, unduly burdensome, oppressive, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Amchem also objects to the extent that Plaintiff has not specified time periods for particular work sites. Amchem further objects to the extent this Interrogatory seeks information for job sites unrelated to Plaintiff's occupation for the time period in question. Amchem objects to this Interrogatory's incorrect assumption that any Amchem product which contained asbestos created a health hazard. Subject to its objections, Amchem responds as follows:

a. Amchem did not mine asbestos or sell raw asbestos fiber.

     b.      Amchem is not aware of any existing records that would provide an answer to this Interrogatory, but the burden of reviewing Amchem's business records for any additional information that may be responsive to this Interrogatory is substantially the same for Plaintiff as for Amchem. Accordingly, upon Plaintiff's request, Amchem will make its records available (excluding privileged material) for Plaintiff's review and duplication, provided that an acceptable confidentiality order has been entered into, at a mutually convenient time and date. The remaining records still under Amchem's control are now in the custody of Amchem's counsel, Mayer, Brown, Rowe & Maw, 190 S. LaSalle St., Chicago, Illinois 60603-3441.

     c.      See Amchem's response to Interrogatory No. 71(b) above.

     d.      Amchem did not sell raw asbestos fiber.

     e.      See Amchem's response to Interrogatory No. 71(b) above.

     f.      See Amchem's response to Interrogatory No. 71(a) above.

     g-h.      See Amchem's response to Interrogatory No. 71(b) above.

     i.      See Amchem's response to Interrogatory No. 71(d) above.

     j.      See Amchem's response to Interrogatory No. 71(b) above.

     k.      See Amchem's response to Interrogatory No. 71(b) above.

     l.      See Amchem's response to Interrogatory No. 71(d) above.

     m.      Amchem's available records do not provide information responsive to this request. Amchem's available documents are maintained in a repository at Mayer, Brown, Rowe & Maw, 190 S. LaSalle St., Chicago, Illinois 60603-3441. Upon Plaintiff's request, Amchem will make its repository (excluding any privileged material) available for Plaintiff's review and duplication, provided that an acceptable confidentiality order has been entered into, at a mutually convenient time and date.

Q72.  Did you in any way finance, assist or participate in:

    a.    The Metropolitan Life Insurance Company studies of asbestos conducted from 1929-1950;

    b.    The Trudeau Foundation Saranac Lake studies from 1929-1960;

    c.    The Quebec Asbestos Mining Association Study of Asbestos and Health between 1940 and 1970.

If so, state what role or action you took and identify all documents relevant to such activities by name, date, title, file number and present location.

RESPONSE:  See Amchem's General Objections.  Subject to its objections, Amchem responds as follows:  No, according to its best available information, Amchem had no knowledge of and did not finance, assist in or participate in the above-listed studies.

Q73.  Has your firm ever been cited or admonished by any government agency (federal, state or local) for dust levels in excess of any threshold limit value (TLV) or other predetermined number? If so, please state:

    a.    The date the government agency and the dust and TLV or number involved;

    b.    The means of identifying any document related to such an occurrence;

    c.    Any action taken by the agency involved.

RESPONSE:  See Amchem's General Objections.  Amchem objects to this Interrogatory as overly broad, unduly burdensome, oppressive, harassing and not reasonably calculated to lead to the discovery of admissible evidence.  Amchem also objects to this Interrogatory to the extent that it does not relate to the time period or location in which Plaintiff's alleged exposure to any product containing asbestos occurred.  Amchem further objects to this Interrogatory to the extent that it seeks information concerning Amchem's predecessors.  Amchem also objects to the extent this Interrogatory seeks information after Amchem sold its Benjamin Foster Division, the division which manufactured all Amchem's asbestos-containing products, (with the exception of TRE-HOLD, not at issue in this case), to H. B. Fuller in June of 1976.  Subject to its objections, Amchem responds as follows:  According to Amchem's best information available, Amchem

61

always upheld and satisfied applicable government standards. Amchem has no further information responsive to this Interrogatory.

Q74. State whether from 1930 to date you promulgated any rules, written or oral, for the handling of asbestos or asbestos products by your own employees? If so, state:

     a.     When such rules were promulgated;

     b.     The substance of the rules, if oral, and the name, address and title of the person who disseminated them;

     c.     If in writing, either attach a copy of the rules or identify the written rules by date, title, identification number, present location and the name and address of the custodian thereof;

     d.     Whether any such material was provided to any users of your asbestos products and, if so, when and to whom.

RESPONSE: See Amchem's General Objections. Subject to its objections, Amchem responds as follows: no special restrictions were necessary to prevent users or other people exposed to Amchem products from being exposed to or inhaling any asbestos contained therein because all asbestos fiber in any Amchem product which contained asbestos was fully encapsulated by binder materials and did not pose a health hazard. See Amchem's response to Interrogatory No. 11, including all objections set forth therein. Amchem did provide various instructions and limitations concerning the use of all its products, including those which contained small amounts of encapsulated asbestos. These instructions and limitations are reflected in the documents contained in the Amchem repository. The repository is maintained at Mayer, Brown, Rowe & Maw, 190 S. LaSalle Street, Chicago, Illinois 60603-3441. Ms. Mary Martin, legal assistant, serves as custodian of the documents. Upon Plaintiff's request, Amchem will make its document repository (excluding privileged material) available for Plaintiff's review and duplication, provided that an acceptable confidentiality order has been entered into, at a mutually convenient time and date.

Q75.  Have any of your employees been reassigned to other duties because of pulmonary or coronary health problems? If so, please state for each such reassignment:

    a.  The date and reason for reassignment;

    b.  The jobs prior to and after reassignment;

    c.  The age and health problem of the person reassigned.

RESPONSE:  See Amchem's General Objections. Amchem further objects to this Interrogatory on the grounds that it calls for information irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence, especially in that it seeks information regarding alleged consequences of exposures to other companies' products in circumstances and conditions different from those alleged in Plaintiff's complaint. Subject to its objections, Amchem responds as follows: Amchem's available records do not evidence any such reassignment. Amchem sold its Benjamin Foster Division in 1976 to H.B. Fuller Company. In 1977, Amchem merged with another corporation and ceased to exist as a separate entity.

Q76.  Prior to 1972, have your employees ever been subject to periodic medical examinations? If so, please state:

    a.  Whether the examinations were performed by your firm, its agents or employees or by outside personnel either private or governmental;

    b.  Whether the examinations were performed as a result of an internal corporate decision or to comply with some governmental rule;

    c.  Whether any person was rejected for employment as a result of such examination. If so, state the date and reason for such rejection;

    d.  Whether any employee was reassigned, terminated or pensioned as the result of such examination and the date and reason for such occurrence.

RESPONSE:  See Amchem's General Objections. Amchem objects to this Interrogatory as harassing, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Amchem further objects to this Interrogatory to the extent it seeks information regarding individuals who worked at Amchem plants where some products which contained

asbestos were manufactured, on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence in that any exposure under such conditions would differ in type, quality, duration, and degree from any exposure at issue in this action. *See Smith v. Celotex,* 387 Pa. Super 340, 347-348, 564 A.2d 209 (Pa. Super Ct. 1989). In as much as Plaintiff was neither employed by Amchem nor worked at any Amchem plant, inquiries regarding Amchem employees or facilities are not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to its objections, Amchem responds as follows: according to Amchem's best information available, Amchem always upheld and satisfied applicable government standards regarding occupational exposure to asbestos.  Amchem reserves the right to supplement this response with particular citations. In addition, Amchem employees, including Benjamin Foster personnel, may have been subject to periodic medical examinations. Amchem's available records do not include information about these tests, the dates they were conducted or their results, nor do they provide further information responsive to this Interrogatory. Investigation continues.

Q77.  Have you ever removed or had removed any asbestos insulation or other asbestos containing material from any building, plant or facility which you owned, operated, leased or maintained? If so, identify the building or facility, state the date the asbestos material was removed and who removed the asbestos, and identify all documents relating to or referring to the removal.

RESPONSE: See Amchem's General Objections. Amchem objects to this Interrogatory as irrelevant, harassing and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information about the premises of any Amchem affiliate or subsidiary. Amchem further objects to this Interrogatory if Plaintiff was neither employed by Amchem nor worked at any Amchem plant. Subject to its objections, Amchem responds as follows: Amchem maintains a repository of documents it still has in its possession from its former Benjamin Foster Division or Company. The repository is maintained at Mayer, Brown,

NYDOCS1-686844.                                     64

Rowe & Maw, 190 S. LaSalle Street, Chicago, Illinois 60603-3441. Ms. Mary Martin, legal assistant, serves as custodian of the documents. Upon Plaintiff's request, Amchem will make its document repository (excluding privileged material) available for Plaintiff's review and duplication, provided that an acceptable confidentiality order has been entered into, at a mutually convenient time and date.

Q78.   Was the monitoring of dust levels required by any Government regulation or rule of any government, agency, or insurance company? If so, state the substance of the rule, the source imposing it and the date it was first imposed.

RESPONSE: See Amchem's General Objections. Amchem objects to this Interrogatory as harassing, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Amchem further objects to this Interrogatory to the extent it seeks information regarding individuals who worked at Amchem plants where some products which contained asbestos were manufactured, on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence in that any exposure under such conditions would differ in type, quality, duration, and degree from any exposure at issue in this action. See Smith v. Celotex, 387 Pa. Super 340, 347-348, 564 A.2d 209 (Pa. Super Ct. 1989). In as much as Plaintiff was neither employed by Amchem nor worked at any Amchem plant, inquiries regarding Amchem employees or facilities are not relevant and not reasonably calculated to the to the discovery of admissible evidence. Subject to its objections, Amchem responds as follows: Amchem began to conduct dust counts and air sampling in its facilities where asbestos containing products were manufactured in accordance with government regulations enacted in the 1970's, but its remaining records do not state the specific technique employed. Available information indicates that John Horn conducted such tests at Amchem's Pennsylvania facilities. Amchem's available records do not provide information about these tests, the dates they were

conducted or their results. Investigation continues. Amchem states that it conducted monitoring to the extent required by OSHA or any applicable state regulations.

Q79. Do you agree that the possibility of exposure to asbestos dust and fibers extends not only to workers actually handling the asbestos products but also to:

    a. Other workers in the area where asbestos products are being used;

    b. Members of the families of workers.

RESPONSE: See Amchem's General Objections. Amchem objects to this Interrogatory on the grounds that it calls for speculation and expert opinions. Amchem further objects to this Interrogatory since there was no danger of inhaling asbestos fibers or dust or other airborne material from using, installing or being exposed to any Amchem product. Amchem also objects to this Interrogatory to the extent it calls for Amchem to render a legal conclusion. Subject to its objections, Amchem responds as follows: Amchem disputes any contention that asbestos in its products posed any exposure risks to other workers in the area where Amchem's products were used or to members of the families of workers. Amchem reserves the right to have an expert witness address these issues.

Q80. Does your company have a record or document "retention" policy, plan or program? If so, please describe such plan. If the plan is different for separate categories of records, please describe the plan for each category. Please include:

    a. The name and title of the custodian of the records;

    b. The length of time for which records are retained;

    c. The titles and names of the personnel responsible for determining the policy or plan from 1935 to the present;

    d. The titles and names of the personnel responsible for the removal and destruction of any records, pursuant to any such plans from 1935 to the present.

RESPONSE: Subject to Amchem's General Objections, Amchem responds as follows: Amchem Products, Inc. no longer transacts business nor maintains any corporate office. See Amchem's response to Interrogatory No. 4, including all objections stated therein, regarding

NYDOCS1-686844.

66

corporate history. Amchem's available records do not contain its record or document retention

policies.

Q81. Have you destroyed any documents, records or writings pertaining to:

    a.    Health hazards of asbestos;

    b.    Workmen's Compensation claims arising out of asbestos, lung cancer, mesothelioma, pulmonale, pneumoconiosis, or pulmonary fibrosis;

    c.    Placing warning labels on your products;

    d.    Hazardous conditions in your plants or factories;

    e.    Funding of studies about health hazards of asbestos;

    f.    Lawsuits arising out of injuries alleged to having been caused by asbestos.

If so, list every such document destroyed by author, date and subject matter.

RESPONSE:  See Amchem's response to Interrogatory No. 80, including all objections set forth

therein. Amchem has no knowledge of any such document destruction.

Q82. Have you ever had a division or subsidiary engaged in the business of abating, removing or encapsulating asbestos materials? If so, state:

    a.    The name of the unit of all personnel involved;

    b.    The location where such persons or units were based;

    c.    The dates such person or units functioned;

    d.    The products within which such abatement, repair, encapsulation or removal occurred.

RESPONSE:  See Amchem's General Objections. Amchem objects to this Interrogatory if

Plaintiff was neither employed by Amchem nor worked at any Amchem plant. Subject to its

objections, Amchem responds as follows:  Amchem's available records do not indicate that

Amchem ever had or operated any such division or subsidiary.

Q83. Identify and produce all Minutes of each meeting of the Board of Directors or of any committee of the Board at which meeting the hazards of asbestos exposure, and/or the possible application of warning labels on asbestos-containing products were discussed.

RESPONSE: See Amchem's General Objections. Subject to its objections, Amchem responds as follows: Amchem has no available documents responsive to this Interrogatory.

Q84. If there is any person whom the defendant expects to call as an expert witness at trial, please provide a copy of the witness' curriculum vitae, or summary of the witness' qualifications if there is no vitae, and please state for each such expert witness:

   a.    The person's identify, giving name, profession or occupation and address;

   b.    The subject matter on which each such expert is to testify;

   c.    The substance of all facts and opinions regarding which each such expert is to testify;

   d.    A summary of the grounds for each opinion of each such expert;

   e.    Whether the facts and opinions listed in (c) above are contained in a written report, memorandum or transcript and if they are, produce the same pursuant to the Rule 34 Notice of Production of Documents attached hereto;

   f.    If the opinion of any expert listed above is based in whole or in part on any code or regulation, governmental or otherwise, identify said code or regulation and specifically set forth the section relied upon;

   g.    Whether each such expert intends to base his or her testimony on any book, treatise, article, study, or any other document, and, if so, identify all such documents; and

   h.    Whether the witness has testified at trial or by deposition in other asbestos-related personal injury or wrongful death cases, and if so, state for each such case;

      (1)    the name and docket number;

      (2)    the court in which each such case was pending; and

      (3)    the party for whom the witness testified.

RESPONSE: See Amchem's General Objections. Amchem objects to this Interrogatory as not reasonably calculated to lead to the discovery of admissible evidence, as premature and as seeking information protected by the work product doctrine. Subject to its objections, Amchem responds as follows: Amchem has not yet determined which experts, if any, it will call at a trial

of this case. Amchem will produce its fact and expert witness lists and disclosures as required at the appropriate time under the applicable court rules and orders.

Q85.   Identify the name and address of each nonexpert witness whom you intend to call at trial, and specifically set forth the nature and substance of the matters to which each such person will testify and summarize the facts to which such person will testify.

RESPONSE: See Amchem's General Objections. Amchem also objects to this Interrogatory as premature. Subject to its objections, Amchem responds as follows: Amchem has not yet determined which witnesses it intends to call at trial for this case. Amchem will produce its fact and expert witness lists and disclosures as required at the appropriate time under the applicable court rules and orders.

Q86.   Identify and produce each exhibit that you intend to rely upon at trial.

RESPONSE: See Amchem's General Objections. Amchem objects to this Interrogatory to the extent that it requests Amchem to identify such materials at this time. Subject to its objections, Amchem responds as follows: Amchem has not yet determined which exhibits, if any, it will rely on at a trial of this case.

Q87.   Identify all persons, other than your attorneys, who provided you with any information used in answering these interrogatories, and state the particular information each person supplied.

RESPONSE: See Amchem's General Objections. Subject to its objections, Amchem responds as follows: Amchem's Benjamin Foster Division, which manufactured the Benjamin Foster products allegedly at issue in this case, was sold in 1976 and Amchem Products, Inc. has no employees and no longer transacts business. See Amchem's response to Interrogatory No. 4, regarding Amchem's corporate history. Accordingly, Amchem's counsel prepared these responses on Amchem's behalf. Counsel has based its responses on information contained in available, relevant business records of Amchem's former Benjamin Foster Division and on information provided over time by former Amchem officials or employees. In particular, much

information was provided by Wayne P. Ellis, now deceased, Amchem's former Director of Research. Irvin Steltz, a retired Benjamin Foster employee, has also verified and provided much of the information set forth therein. In addition, former employees, Robert Sage, Robert Cirrito, and Alan Slotkin may have provided and verified information contained in the responses set forth herein.    Mr. Steltz, Mr. Sage, Mr. Slotkin and Mr. Cirrito may be contacted through counsel for Amchem. Mr. Slotkin has signed these Interrogatories on behalf of Amchem.

Q88.   At any time prior to 1972, did you learn of any recommended levels of asbestos proposed by The American Conference of Governmental and Industrial Hygienists (ACGIH)? If so, state:

    a.    The exact date you first learned of any ACGIH recommended levels;

    b.    How you first learned of it;

    c.    Which of your employees or agents first learned of it;

    d.    The steps or action you took to advise your sales personnel of the recommendation;

    e.    The steps or action you took to advise your customers, dealers, distributors and contractors of the ACGIH recommendation;

    f.    Any comment you filed or submitted to ACGIH;

    g.    Identify all documents related to ACGIH.

RESPONSE:              See Amchem's General Objections.  Amchem objects to this Interrogatory as harassing, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to its objections, Amchem responds as follows: The American Council of Government Industrial Hygienists set threshold limits for exposure to asbestos at 5 million particles per cubic foot of air. These limits were guidelines unless adopted by a law-making body.    Subsequently, the American Council of Government Industrial Hygienists changed the threshold limits for exposure to asbestos to 5 fibers per milliliter greater than 5 microns in length. Amchem discovered this information concerning TLV's in a pamphlet

NYDOCS1-686844.            70

entitled "Threshold Limit Values of Airborne Contaminants and Intended Changes Adopted by ACGIH for 1970" published by the American Conference of Governmental Industrial Hygienists. The pamphlet was received by Wayne P. Ellis, Amchem's former Director of Research, now deceased. However, Amchem's products would not release fibers in excess of threshold limit value because the asbestos in Amchem's products was encapsulated and, consequently, could not release asbestos fibers or dust in any amount or in any amount sufficient to cause a health hazard. See Amchem's response to Interrogatory No. 11 regarding encapsulation. An Amchem Technical Bulletin described the 1972 and 1976 permissible exposure levels and the fact that Amchem's products would not expose a user to respirable asbestos. Amchem's available records do not contain other information responsive to this interrogatory.

Q89.  Do you contend that there is a minimum safe threshold level or exposure to asbestos below which there is no risk in developing mesothelioma or lung cancer? If so, specify the minimum safe threshold level or exposure for each disease, the date you claim the threshold was arrived at, and the precise basis for your contention.

RESPONSE: See Amchem's General Objections. Amchem objects on the grounds that it calls for Amchem to render an expert scientific or medical opinion. Subject to its objections, Amchem responds as follows: Yes. Amchem further states that the specific levels are a subject for expert testimony that is beyond the knowledge of Amchem itself. Amchem reserves the right to supplement its response as discovery continues. Amchem will make the appropriate disclosure at the appropriate time. Amchem further reserves the right to offer expert testimony on this matter.

Q90.  Do you contend that there is any difference between chrysotile fiber, amosite fiber, crocidolite fiber, and/or tremolite fiber in the development of (a) mesothelioma; and (b) lung cancer? If so, explain in detail your contention as to the distinction between or among fiber types in the development of each disease and the medical authority you rely on.

RESPONSE: See Amchem's General Objections. Amchem objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, oppressive, harassing, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Amchem further objects to this Interrogatory to the extent that it calls for Amchem to render an expert medical or scientific opinion regarding its products or products made by others. Amchem also objects to this Interrogatory as irrelevant since there was no danger of inhaling asbestos fibers or dust or other airborne material from using, installing or being exposed to any Amchem product. Amchem further objects to this Interrogatory as premature. Subject to its objections, Amchem responds as follows: Yes. Amchem further states that those differences are a subject for expert testimony that is beyond the knowledge of Amchem itself.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the plaintiffs request that each defendant produce for inspection and copying, the documents and things identified below. The documents and things identified herein shall be produced for inspection and copying at such time as the answers to the interrogatories herein are filed.

You are hereby requested to produce the following documents and things:

(1)    All documents identified in your answers to these interrogatories.

RESPONSE: See Amchem's General Objections. Amchem objects generally to the Requests as overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent that they are unlimited in time and do not relate to the time period in which Plaintiffs' alleged exposure to any product containing asbestos occurred. Amchem objects generally to the Requests to the extent that they seek information protected by the attorney-client privilege, the protection afforded attorneys' work product or any other applicable privilege, protection or immunity from discovery. Subject to its objections,

Amchem responds as follows: Amchem maintains a repository of documents it still has in its possession from its former Benjamin Foster Division or Company. The documents still available include, but are not limited to, the following: product data sheets, product formula sheets, product labels, advertising brochures, manuals, articles maintained by Mr. Ellis, lab notebooks and sales records. The repository is maintained at Mayer, Brown, Rowe & Maw, 190 S. LaSalle Street, Chicago, Illinois 60603-3441. Ms. Mary Martin, legal assistant, serves as custodian of the documents. Upon Plaintiff's request, Amchem will make its document repository (excluding privileged material) available for Plaintiff's review and duplication, provided that an acceptable confidentiality order has been entered into, at a mutually convenient time and date.

(2)    All records of sales and deliveries of your asbestos-containing products to any company or worksite in New York City or within 75 miles of New York City.

RESPONSE: See Amchem's General Objections. Amchem objects to this Request as overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Amchem objects to this Request to the extent that it does not relate to the time period in which Plaintiff was allegedly exposed to any product which contained asbestos. Amchem also objects to this Request to the extent that it seeks information concerning sales of its products to entities located outside of New York. Subject to its objections, Amchem responds as follows: all Amchem sales of products which contained asbestos (with the sole exception of TRE-HOLD, which is not relevant to this action) were made through the Benjamin Foster Division, which Amchem sold to the H.B. Fuller Company in 1976. The Benjamin Foster Division sales records that are still in Amchem's possession include sales by Amchem to end users and distributors; they do not include a record of distributor sales. Amchem's available sales records can be found in the Amchem repository. Upon Plaintiff's request, Amchem will make its available sales records available for Plaintiff's review and duplication, provided that an

acceptable confidentiality order has been entered into, at a mutually convenient time and date. The remaining sales records still under Amchem's control are now in the custody of Amchem's counsel, Mayer, Brown, Rowe & Maw, 190 S. LaSalle St., Chicago, Illinois 60603-3441.

. (3)  All computer printouts and analysis of sales and delivery of your asbestos-containing products to any companies or worksites in the states of (a) New York; (b) New Jersey; and (c) Connecticut.

RESPONSE:  See Amchem's General Objections.  Amchem further objects to this Request to the extent it does not relate to the time period or work sites in which Plaintiff was allegedly exposed to any product that contains asbestos.  Subject to its objections, Amchem responds as follows:  all Amchem sales of products which contained asbestos (with the sole exception of TRE-HOLD, which is not relevant to this action) were made through the Benjamin Foster Division, which Amchem sold to the H. B. Fuller Company in 1976.  The Benjamin Foster Division sales records that are still in Amchem's possession include sales by Amchem to end users and distributors; they do not include a record of distributor sales.  Amchem's available sales records can be found in the Amchem repository.  Upon Plaintiff's request, Amchem will make its available sales and financial records available for Plaintiff's review and duplication, provided that an acceptable confidentiality order has been entered into, at a mutually convenient time and date.  The remaining sales records still under Amchem's control are now in the custody of Amchem's counsel, Mayer, Brown, Rowe & Maw, 190 S. LaSalle St., Chicago, Illinois 60603-3441.

(4)  All records showing the amount and dollar value of each asbestos-containing product you manufactured and sold.

RESPONSE:  See Amchem's response to Request for Production No. 3, including all objections set forth therein.

(5)  All documents showing your share of the market, by volume and by dollars of sales, for each asbestos-containing product, both for each type of asbestos-containing product

(e.g., pipe covering, cement, acoustical material, etc.), and for all asbestos-containing products you sold and manufactured.

**RESPONSE:** See Amchem's response to Request to Production No. 3, including all objections set forth therein.

(6)    All research reports prepared by or for you or which you received concerning the following aspects of any asbestos-containing products you manufactured or sold:

        a)    The health hazards of the product;

        b)    The amount of asbestos released by the product when used;

        c)    The capability of the product to comply with industry standards, state or federal regulations or other limits;

        d)    Efforts to reduce or eliminate asbestos for the products;

        e)    The aerodynamic nature of the products;

        f)    The friability or durability of the product;

        g)    The ability of the product to resist deterioration or water damage.

**RESPONSE:** See Amchem's General Objections. Amchem objects to this Request as overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to its objections, Amchem responds as follows: Amchem's available documents are maintained in a repository at Mayer, Brown, Rowe & Maw, 190 S. LaSalle St., Chicago, Illinois 60603-3441. Upon Plaintiff's request, Amchem will make its repository (excluding any privileged material) available for Plaintiff's review and duplication, provided that an acceptable confidentiality order has been entered into, at a mutually convenient time and date.

(7)    Organizational Charts for the years 1940, 1945, 1950, 1955, 1960, 1965, 1970, 1975 and the present.

**RESPONSE:** See Amchem's General Objections. Amchem objects to this Request to the extent that it seeks information about Amchem's employees. Inasmuch as Plaintiffs were

neither employed by Amchem, nor worked at any of Amchem's facilities, requests seeking such information are irrelevant to this case and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to its objections, Amchem responds as follows:  Amchem possesses a listing of former Benjamin Foster employees as of April 14, 1976, the date of Amchem's sale of the Benjamin Foster Division.  Amchem's available documents are maintained in a repository at Mayer, Brown, Rowe & Maw, 190 S. LaSalle St., Chicago, Illinois 60603-3441.  Upon Plaintiff's request, Amchem will make its repository (excluding any privileged material) available for Plaintiff's review and duplication, provided that an acceptable confidentiality order has been entered into, at a mutually convenient time and date.

(8)    All rules, regulations, manuals, standards, procedures and instructions to salesmen and other documents dealing with:

a)    Sales of asbestos-containing products;

b)    Health hazards of asbestos products you were selling; and

c)    Communication with customers re: health hazards of asbestos.

**RESPONSE:** See Amchem's General Objections.  Amchem objects to this Request as overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible.  Subject to its objections, Amchem responds as follows:  Amchem's available documents are maintained in a repository at Mayer, Brown, Rowe & Maw, 190 S. LaSalle St., Chicago, Illinois 60603-3441.  Upon Plaintiff's request, Amchem will make its repository (excluding any privileged material) available for Plaintiff's review and duplication, provided that an acceptable confidentiality order has been entered into, at a mutually convenient time and date.

(9)    All licensing, sales, dealer, distributor and contractor agreements with any firm located in New York, New Jersey, Connecticut or Pennsylvania or which involved the sale of asbestos-containing materials in those states.

**RESPONSE:**    See Amchem's General Objections. Amchem further objects to this Request to the extent that it does not relate to the time period in which Plaintiff was allegedly exposed to any product which contained asbestos. Subject to its objections, Amchem responds as follows: all Amchem sales of products which contained asbestos (with the sole exception of TRE-HOLD, which is not relevant to this action) were made through the Benjamin Foster Division, which Amchem sold to the H. B. Fuller Company in 1976. The Benjamin Foster Division sales records that are still in Amchem's possession include sales by Amchem to end users and distributors; they do not include a record of distributor sales. Amchem never entered into any licensing agreement. Amchem's available documents are maintained in a repository at Mayer, Brown, Rowe & Maw, 190 S. LaSalle St., Chicago, Illinois 60603-3441.    Upon Plaintiff's request, Amchem will make its repository (excluding any privileged material) available for Plaintiff's review and duplication, provided that an acceptable confidentiality order has been entered into, at a mutually convenient time and date.

(10)    Photographs of each of your asbestos-containing products and other packages in which they were shipped.

**RESPONSE:**    See Amchem's General Objections. Amchem objects to this Request to the extent that it seeks waiver of the attorney-client privilege, the protection afforded attorneys' work product or any other applicable privilege, protection or immunity from discovery. Amchem further objects to the extent that this Request seeks materials that might used as demonstrative exhibits, which Amchem will disclose only to the extent required at time of trial. Subject to its objections, Amchem responds as follows: Amchem maintains a repository of documents it still has in its possession from its former Benjamin Foster Division or Company. The repository is maintained at Mayer, Brown, Rowe & Maw, 190 S. LaSalle St., Chicago, Illinois 60603-3441. Upon Plaintiff's request, Amchem will make its document repository

(excluding privileged material) available for Plaintiff's review and duplication, provided that an

acceptable confidentiality order has been entered into, at a mutually convenient time and date.

(11)    All documents in your possession relating in any way to meetings, correspondence, statements or other communications to or from any manufacturer or supplier of asbestos, products which contain asbestos in any manner and/or asbestos-containing materials, or from their agents or representatives or trade associations concerning the health effects of asbestos.

RESPONSE:  See Amchem's General Objections.  Amchem objects to this Request as

calling for an expert medical or scientific opinion regarding its products or products made by

others.  Amchem further objects to this Request's incorrect assumption that any Amchem

product which contained asbestos created a health hazard.  Amchem objects to this Request as

unduly burdensome, harassing, overly broad and not reasonably calculated to lead to the

discovery of admissible evidence, to the extent that it seeks information regarding non-related

companies.  Additionally, Amchem objects to this Request to the extent that it seeks information

that is equally as accessible to Plaintiff as it is to Amchem.  Subject to its objections, Amchem

responds as follows:  Amchem's available records do not provide information responsive to this

request.  Amchem's available documents are maintained in a repository at Mayer, Brown, Rowe

& Maw, 190 S. LaSalle St., Chicago, Illinois 60603-3441.  Upon Plaintiff's request, Amchem

will make its repository (excluding any privileged material) available for Plaintiff's review and

duplication, provided that an acceptable confidentiality order has been entered into, at a mutually

convenient time and date.

(12)    All documents in your possession or which you have ever become aware of, relating in any way to meetings, correspondence or other communications of or from any trade association, labor union, employer or governmental agency, of or from any of their agents or representatives, relating to the subjects of occupational health and exposure to asbestos, asbestos-containing products and/or asbestos-containing materials.

RESPONSE:  See Amchem's General Objections.  Amchem further objects to this

Request as overly broad, unduly burdensome, harassing and not reasonably calculated to lead to

the discovery of admissible evidence since it seeks all documents "which you have ever become aware of," regardless of the fact that Amchem has not transacted business for the past 26 years. Subject to its objections, Amchem answers as follows: Amchem's available documents are maintained in a repository at Mayer, Brown, Rowe & Maw, 190 S. LaSalle St., Chicago, Illinois 60603-3441. Upon Plaintiff's request, Amchem will make its repository (excluding any privileged material) available for Plaintiff's review and duplication, provided that an acceptable confidentiality order has been entered into, at a mutually convenient time and date.

(13)    All documents prepared by or on behalf of the Defendant, prior to this litigation, in any way relating to the documents requested in item Nos. 11 and 12 above, of this request for production.

RESPONSE:   See Amchem's General Objections.  Amchem objects to this Request to the extent that it seeks waiver of the attorney-client privilege, the protection afforded attorneys' work product or any other applicable privilege, protection or immunity from discovery. Amchem objects to this Request as calling for an expert medical or scientific opinion regarding its products or products made by others.  Amchem further objects to this Request's incorrect assumption that any Amchem product which contained asbestos created a health hazard. Amchem objects to this Request as unduly burdensome, harassing, overly broad and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding non-related companies.  Additionally, Amchem objects to this Request to the extent that it seeks information that is equally as accessible to Plaintiff as it is to Amchem. Subject to its objections, Amchem responds as follows: Amchem's available documents are maintained in a repository at Mayer, Brown, Rowe & Maw, 190 S. LaSalle St., Chicago, Illinois 60603-3441.  Upon Plaintiff's request, Amchem will make its repository (excluding any privileged material) available for Plaintiff's review and duplication, provided that an acceptable confidentiality order has been entered into, at a mutually convenient time and date.

(14)    All documents relating in any way to the exposure or possible exposure to asbestos, asbestos-containing products and/or asbestos-containing materials by workers at:

    (A)    Shipyards;

    (B)    Insulating trades;

    (C)    Boiler trades;

    (D)    Construction trades;

    (E)    Plants manufacturing or using asbestos;

    (F)    Brake lining or friction material;

    (G)    Seamen;

    (H)    Railroads;

    (I)    Nonoccupational and/or neighborhood exposures.

**RESPONSE:**    (A-I)    See Amchem's General Objections.    Amchem objects to this Request as overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is unlimited in time and does not relate to the time period in which Plaintiff's alleged exposure to any product containing asbestos occurred.    Amchem further objects to the extent this Request seeks information for job sites unrelated to Plaintiff's occupation for the time period in question.    Subject to its objections, Amchem responds as follows: Amchem's available documents are maintained in a repository at Mayer, Brown, Rowe & Maw, 190 S. LaSalle St., Chicago, Illinois 60603-3441.    Upon Plaintiff's request, Amchem will make its repository (excluding any privileged material) available for Plaintiff's review and duplication, provided that an acceptable confidentiality order has been entered into, at a mutually convenient time and date.

(15)    All documents relating in any way to the health effects of asbestos, asbestos-containing products and/or asbestos-containing materials manufactured, distributed, sold and/or supplied by any person or entity or by any of the named Defendants herein.

**RESPONSE:** See Amchem's General Objections. Amchem objects to this Request as calling for an expert medical or scientific opinion regarding its products or products made by others. Amchem further objects to this Request's incorrect assumption that any Amchem product which contained asbestos created a health hazard. Amchem objects to this Request as unduly burdensome, harassing, overly broad and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding non-related companies. Additionally, Amchem objects to this Request to the extent that it seeks information that is equally as accessible to Plaintiff as it is to Amchem. Subject to its objections, Amchem responds as follows: Amchem's available documents are maintained in a repository at Mayer, Brown, Rowe & Maw, 190 S. LaSalle St., Chicago, Illinois 60603-3441. Upon Plaintiff's request, Amchem will make its repository (excluding any privileged material) available for Plaintiff's review and duplication, provided that an acceptable confidentiality order has been entered into, at a mutually convenient time and date.

(16) All documents prepared, reviewed, issued or commented on by you relating in any way to warnings, potential health hazards, instructions or precautions regarding the use or handling of, or exposure to, asbestos, asbestos-containing products and/or asbestos-containing materials.

**RESPONSE:** See Amchem's General Objections. Amchem further objects to this Request's incorrect assumption that any Amchem product which contained asbestos created a health hazard. Amchem objects to this Request as unduly burdensome, harassing, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Amchem objects to this Request to the extent that it seeks information that is equally as accessible to Plaintiff as it is to Amchem. Subject to its objections, Amchem responds as follows: Amchem provided proper cautionary instructions by setting forth pertinent information on its product labels and product data sheets distributed with various Amchem products.

81

According to Amchem's available records, there was no specific asbestos warning on the label. However, there was no danger of any user of or anyone exposed to an Amchem product inhaling respirable asbestos fiber or dust in any amount or in any amount sufficient to cause a health hazard or require a warning. Amchem's available documents are maintained in a repository at Mayer, Brown, Rowe & Maw, 190 S. LaSalle St., Chicago, Illinois 60603-3441. Upon Plaintiff's request, Amchem will make its repository (excluding any privileged material) available for Plaintiff's review and duplication, provided that an acceptable confidentiality order has been entered into, at a mutually convenient time and date.

(17)   All statements, recorded interviews, films, videotapes, reports, questionnaires, forms or other documents made, submitted, compiled, prepared or filled out by, on behalf of, or under the direction of defendant relating in any way to exposure or alleged exposure to asbestos, asbestos containing products and/or asbestos-containing materials or any other issues relating to these lawsuits, expect that information prepared by, for, or at the request of defendant's counsel must be identified (including the date made), but need not be produced without an order by the Court, provided that written or recorded communication between plaintiff and counsel, made after an attorney-client relationship has been established need not be produced or identified.

RESPONSE:   See Amchem's General Objections. Amchem further objects to this Request's incorrect assumption that any Amchem product which contained asbestos created a health hazard. Amchem objects to this Request as unduly burdensome, harassing, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Amchem objects to this Request to the extent that it seeks information that is equally as accessible to Plaintiff as it is to Amchem. Subject to its objections, Amchem responds as follows: Amchem's available documents are maintained in a repository at Mayer, Brown, Rowe & Maw, 190 S. LaSalle St., Chicago, Illinois 60603-3441. Upon Plaintiff's request, Amchem will make its repository (excluding any privileged material) available for Plaintiff's review and duplication, provided that an acceptable confidentiality order has been entered into, at a mutually convenient time and date.

(18)    All documents relating to defendant's first knowledge, notice or awareness about the alleged adverse effects of exposure to asbestos, asbestos-containing products and/or asbestos containing materials.

RESPONSE:  See Amchem's General Objections.  Amchem objects to this Request as calling for an expert medical or scientific opinion regarding its products or products made by others.  Amchem further objects to this Request's incorrect assumption that any Amchem product which contained asbestos created a health hazard.  Subject to its objections, Amchem responds as follows:  Amchem's available documents are maintained in a repository at Mayer, Brown, Rowe & Maw, 190 S. LaSalle St., Chicago, Illinois 60603-3441.  Upon Plaintiff's request, Amchem will make its repository (excluding any privileged material) available for Plaintiff's review and duplication, provided that an acceptable confidentiality order has been entered into, at a mutually convenient time and date.

(19)    All records relating to comments, complaints, suggestions, or proposals made by your employees, by your customers, dealers, distributors or contractors or by yourself regarding the health effects of asbestos exposure.

RESPONSE:  See Amchem's General Objections.  Amchem further objects to this Request's incorrect assumption that any Amchem product which contained asbestos created a health hazard.  Amchem objects to this Request as unduly burdensome, harassing, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.  Amchem further objects to this Request on the grounds that it calls for information irrelevant, immaterial, and not reasonable calculated to lead to the discovery of admissible evidence, especially in that it seeks information regarding alleged consequences of exposures to other companies' products in circumstances and conditions different from those alleged in Plaintiff's complaint.  Subject to its objections, Amchem responds as follows:  Amchem is not aware of any asbestos-related diseases in any employees, customers, dealers, distributors, or contractors.  Amchem's available documents are maintained in a repository at Mayer, Brown, Rowe & Maw, 190 S. LaSalle St.,

Chicago, Illinois 60603-3441. Upon Plaintiff's request, Amchem will make its repository

(excluding any privileged material) available for Plaintiff's review and duplication, provided that

an acceptable confidentiality order has been entered into, at a mutually convenient time and date.

(20)    All written, recorded, filmed, transcribed by videotaped statements of all parties
and non-party declarants pertaining to the subject of these lawsuits, except that information
prepared by, for, or at the request of plaintiff's counsel must be identified (including the date
made), but need not be produced without an order by the Court, provided that written or recorded
communication between plaintiff and counsel, made after an attorney-client relationship has been
established, need not be produced or identified.

RESPONSE:  See Amchem's General Objections. Amchem objects to this Request as

unduly burdensome, harassing, overly broad and not reasonably calculated to lead to the

discovery of admissible evidence. Additionally, Amchem objects to this Request to the extent

that it seeks information that is equally as accessible to Plaintiff as it is to Amchem. Subject to

its objections, Amchem responds as follows: Amchem's available documents are maintained in

a repository at Mayer, Brown, Rowe & Maw, 190 S. LaSalle St., Chicago, Illinois 60603-3441.

Upon Plaintiff's request, Amchem will make its repository (excluding any privileged material)

available for Plaintiff's review and duplication, provided that an acceptable confidentiality order

has been entered into, at a mutually convenient time and date.

(21)    All photographs of people working with, using or being exposed to your asbestos-
containing products.

RESPONSE:  See Amchem's General Objections. Amchem objects to this Request on

the ground that in the absence of product identification by Plaintiff, this Request is premature

and unduly burdensome. Amchem also objects to this Request as unduly burdensome because

Amchem over the years manufactured numerous different products which had many uses.

Amchem further objects to this Request to the extent that it does not relate to the time period or

locations in which Plaintiff was allegedly exposed to any product which contained asbestos.

Subject to its objections, Amchem will produce available responsive documents. The documents

NYDOCS1-686844                                            84

are maintained in a repository at Mayer, Brown, Rowe & Maw, 190 S. LaSalle St., Chicago,

Illinois 60603-3441. Upon Plaintiff's request, Amchem will make its repository (excluding any

privileged material) available for Plaintiff's review and duplication, provided that an acceptable

confidentiality order has been entered into, at a mutually convenient time and date.

(22)    Copies of all reports, correspondence and records which relates to the subject
matter of these cases from any expert which is expected to testify at trial, either with respect to
issues such as state-of-the-art, standardized, threshold limits, government or military
specifications, industrial hygiene, ship or railroad design or construction warnings, friability of
defendants' products, health hazards involving defendants' products, general medical issues
relating to asbestos disease and their causes or and with respect to any individual plaintiff's case.

RESPONSE:    See Amchem's General Objections. Amchem objects to this Request as not

reasonably calculated to lead to the discovery of admissible evidence, as premature and as

seeking information protected by the work product doctrine. Amchem further objects to this

Request's incorrect assumption that any Amchem product which contained asbestos created a

health hazard. Subject to its objections, Amchem responds as follows: Amchem has not yet

determined which experts, if any, it will call at a trial of this case. Amchem will produce

available responsive documents. The documents are maintained in a repository at Mayer,

Brown, Rowe & Maw, 190 S. LaSalle St., Chicago, Illinois 60603-3441. Upon Plaintiff's

request, Amchem will make its repository (excluding any privileged material) available for

Plaintiff's review and duplication, provided that an acceptable confidentiality order has been

entered into, at a mutually convenient time and date.

(23)    All documents submitted to any federal, state or local government or agency in
connection with that body's efforts to establish standards, specifications or levels of ambient or
occupational exposure to asbestos or asbestos from your products.

RESPONSE: See Amchem's General Objections. Amchem objects on the ground that

in the absence of product identification by Plaintiff, this request is premature and unduly

burdensome. Amchem also objects to this Request as unduly burdensome because Amchem

over the years manufactured numerous different products which had many uses. Amchem further objects to this Request to the extent that it does not relate to the time period or locations in which Plaintiff was allegedly exposed to any product which contained asbestos. Subject to its objections, Amchem will produce available responsive documents. The documents are maintained in a repository at Mayer, Brown, Rowe & Maw, 190 S. LaSalle St., Chicago, Illinois 60603-3441. Upon Plaintiff's request, Amchem will make its repository (excluding any privileged material) available for Plaintiff's review and duplication, provided that an acceptable confidentiality order has been entered into, at a mutually convenient time and date.

(24)    Any asbestos and/or asbestos-containing products of the type manufactured by defendant and which the defendant has in his possession, custody or control.

**RESPONSE:** See Amchem's General Objections. Amchem objects to this Request as unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent that they are unlimited in time and do not relate to the time period or location in which Plaintiffs' alleged exposure to any product containing asbestos occurred. Amchem further objects to this Request as premature, to the extent there is no evidence in this case that any Amchem product was present at Plaintiff's alleged job sites for the relevant time periods. Amchem also objects to any destructive testing on Amchem product samples as the quantities of Amchem product samples are extremely limited, and Amchem must preserve these limited samples for, among other things, potential inspection in thousands of other cases. Amchem also objects to any destructive testing on Amchem product samples as such testing would not be reasonably calculated to lead to the discovery of relevant and admissible evidence. Amchem further objects to any destructive testing on Amchem product samples because Plaintiff is equally capable of creating additional quantities of the above-listed products by referring to historical product formulation documents that are contained in the Amchem

document repository. Subject to and without waiving its objections, Amchem responds as follows: Amchem has retained extremely limited quantities of the above-listed samples for use as demonstrative trial exhibits. Amchem will make items responsive to this Request available for Plaintiffs' inspection under conditions mutually acceptable to the parties.

(25)    All boxes, containers or wrappers that defendant used to package or ship its asbestos-containing products.

RESPONSE: See Amchem's General Objections. Amchem objects to this Request on the grounds that it is overly burdensome, harassing, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Amchem also objects to this Request to the extent that it does not relate to the time period or location in which Plaintiff's alleged exposure to any product containing asbestos occurred. Subject to its objections, Amchem responds as follows: Amchem's available records do not include samples of packages, containers or wrappers, except to the extent pictures of same are included in documents in the repository. Subject to its objections, Amchem will produce available responsive documents. The documents are maintained in a repository at Mayer, Brown, Rowe & Maw, 190 S. LaSalle St., Chicago, Illinois 60603-3441. Upon Plaintiff's request, Amchem will make its repository (excluding any privileged material) available for Plaintiff's review and duplication, provided that an acceptable confidentiality order has been entered into, at a mutually convenient time and date.

(26)    All labels, tags, or warnings which defendant alleges it placed on the boxes, containers or wrappers which contained defendants' asbestos or asbestos-containing products.

RESPONSE: See Amchem's General Objections. Amchem objects to this Request's incorrect assumption that any Amchem product which contained asbestos created a health hazard or required any warning. Subject to its objections, Amchem responds as follows: Amchem provided proper cautionary instructions by setting forth pertinent information on its product labels and product data sheets distributed with various Amchem products. According to

NYDOCS1-686844.                                87

Amchem's available records, there was no specific warning on the label concerning asbestos. However, there was no danger of any user of or anyone exposed to an Amchem product inhaling respirable asbestos fiber or dust in any amount or in any amount sufficient to cause a health hazard or require a warning. In all products, the asbestos fibers were encapsulated by binder material compounds. As a result, neither the application or use of, nor any damage to the products which contained asbestos could cause asbestos fiber to be released from those products sufficient to cause any health hazard. Amchem's available documents are contained in its document repository. Upon Plaintiff's request, Amchem will make its repository (excluding any privileged material) available for Plaintiff's review and duplication, provided that an acceptable confidentiality order has been entered into, at a mutually convenient time and date.

(27)   Any customer, contractor, dealer or distributor complaint relating to defendants' asbestos products and any incident or accident reports defendant received relating to the health hazards of its asbestos products.

RESPONSE:  See Amchem's General Objections. Amchem objects to this Request's incorrect assumption that any Amchem product which contained asbestos created a health hazard. Amchem objects to this Request as unduly burdensome, harassing, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Amchem further objects to this Request on the grounds that it calls for information irrelevant, immaterial, and not reasonable calculated to lead to the discovery of admissible evidence, especially in that it seeks information regarding alleged consequences of exposures to other companies' products in circumstances and conditions different from those alleged in Plaintiff's complaint. Subject to its objections, Amchem responds as follows: Amchem's available documents are maintained in a repository at Mayer, Brown, Rowe & Maw, 190 S. LaSalle St., Chicago, Illinois 60603-3441. Upon Plaintiff's request, Amchem will make its repository (excluding any privileged material)

available for Plaintiff's review and duplication, provided that an acceptable confidentiality order has been entered into, at a mutually convenient time and date.

(28)    Any written statements obtained by the defendant which relate to facts, circumstances, incidents, injuries or damages which form the basis of the complaint of each plaintiff including but not limited to statements made to any police or law officers, insurance company representatives, state or federal agents, or representative of plaintiff's employers or of other companies.

**RESPONSE:** See Amchem's General Objections. Amchem objects to this Request as unduly burdensome, harassing, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Amchem further objects to this Request on the grounds that it calls for information irrelevant, immaterial, and not reasonable calculated to lead to the discovery of admissible evidence, especially in that it seeks information regarding alleged consequences of exposures to other companies' products in circumstances and conditions different from those alleged in Plaintiff's complaint. Amchem also objects to this Request to the extent that it does not relate to the time period or location in which Plaintiff's alleged exposure to any product containing asbestos occurred. Amchem objects to this Request to the extent that it seeks waiver of the attorney-client privilege, the protection afforded attorneys' work product or any other applicable privilege, protection or immunity from discovery. Subject to its objections, Amchem responds as follows: Amchem is not aware of any written statements which relate to facts, circumstances, incidents, injuries or damages which form the basis of the complaint of each Plaintiff including but not limited to statements made to any police or law officers, insurance company representatives, state or federal agents, or representative of Plaintiff's employers or of other companies. Amchem's available documents are maintained in a repository at Mayer, Brown, Rowe & Maw, 190 S. LaSalle St., Chicago, Illinois 60603-3441. Upon Plaintiff's request, Amchem will make its repository (excluding any privileged material) available for Plaintiff's review and duplication, provided that an acceptable confidentiality order

has been entered into, at a mutually convenient time and date. Amchem reserves the right to supplement its response to this Request.

(29)    All records and documents including tax returns, compensation claims, disability claims, social security claims, hospital and medical records, x-rays, pathology material, photographs, statements, reports and other documents relating to the claim of each plaintiff other than documents provided to you by the particular plaintiff's counsel.

RESPONSE: See Amchem's General Objections. Amchem objects to this Request as overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence. Amchem further objects to this Request to the extent that it seeks information regarding alleged consequences of exposures to other companies' products. Amchem objects to this Request to the extent that it seeks waiver of the attorney-client privilege, the protection afforded attorneys' work product or any other applicable privilege, protection or immunity from discovery. Subject to its objections, Amchem answers as follows: Amchem's available documents are maintained in a repository at Mayer, Brown, Rowe & Maw, 190 S. LaSalle St., Chicago, Illinois 60603-3441. Upon Plaintiff's request, Amchem will make its repository (excluding any privileged material) available for Plaintiff's review and duplication, provided that an acceptable confidentiality order has been entered into, at a mutually convenient time and date. Amchem reserves the right to supplement its response to this Request.

(30)    All communications with or concerning the American Conference of Government and Industrial Hygienists.

RESPONSE: See Amchem's General Objections. Amchem objects to this Request as harassing, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.    Subject to its objections, Amchem responds as follows:    Amchem discovered a pamphlet entitled "Threshold Limit Values of Airborne Contaminants and Intended Changes Adopted by ACGIH for 1970" published by the American Conference of Governmental

Industrial Hygienists. The pamphlet was received by Wayne P. Ellis, Amchem's former Director of Research, now deceased. Amchem will produce available responsive documents. The documents are maintained in a repository at Mayer, Brown, Rowe & Maw, 190 S. LaSalle St., Chicago, Illinois 60603-3441. Upon Plaintiff's request, Amchem will make its repository (excluding any privileged material) available for Plaintiff's review and duplication, provided that an acceptable confidentiality order has been entered into, at a mutually convenient time and date.

(31) All documents received by you or in your possession relating to or concerning the Quebec Asbestos Mining Association (QAMA).

**RESPONSE:** See Amchem's General Objections. Amchem objects to this Request on the grounds that it is not reasonable calculated to lead to the discovery of admissible evidence. Subject to its objections, Amchem responds as follows: Amchem's available records do not provide information responsive to this Request.

(32) All documents marked as exhibits in any insurance coverage litigation between you and any liability insurance carrier.

**RESPONSE:** See Amchem's General Objections. Amchem objects to this Request as overly broad, unduly burdensome, oppressive, harassing, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Amchem further objects to this Request as seeking information beyond the scope of New York Rules of Civil Procedure. Subject to its objections, Amchem responds as follows: Amchem possesses sufficient insurance coverage for claims arising from this case. Amchem's available records do not provide further information responsive to this Request.

(33) All documents produced by you in the litigation with your liability insurance carrier.

**RESPONSE:** See Amchem's response to Request for Production No. 32, including all objections set forth therein.

NYDOCS1-686844                    91

(34)    All documents marked as exhibits in any indemnity or liability litigation between you and the U.S. Government.

RESPONSE: See Amchem's General Objections.  Subject to its objections, Amchem answers as follows:  Amchem's available records do not evidence any such action with the U.S. Government.  See also Amchem's response to Request for Production No. 32, including all objections set forth therein.

(35)    All documents produced by you in such litigation with the U.S. Government.

RESPONSE: See Amchem's General Objections.  Amchem objects to this Request as oppressive and not reasonably calculated to lead to the discovery of admissible evidence. Subject to its objections, Amchem answers as follows:  See Amchem's response to Request for Production No. 32, including all objections set forth therein.

Respectfully submitted,

Judith A. Yavitz, Esq.
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, New York 10020-1182
212 278-1000

NYDOCS1-686844                              92

## VERIFICATION

I, Alan Slotkin, being duly sworn according to law, state that I am authorized to make this verification for and on behalf of defendant herein named as AMCHEM PRODUCTS, INC. (individually and as successor to BENJAMIN FOSTER), ("Amchem"). I have read the responses to Plaintiff's Interrogatories and am familiar with the contents of that document. The responses to Plaintiff's Interrogatories were prepared with the assistance and advice of former employees of, and counsel for, Amchem upon whose assistance and advice I relied, and are based on the existing records of Amchem. The responses to Plaintiff's Interrogatories, subject to inadvertent or undiscovered error, are therefore necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of the responses to Plaintiff's Interrogatories. Subject to these limitations, the responses to Plaintiff's Interrogatories are true to the best of my knowledge, information and belief.

By: _____

Alan Slotkin

Subscribed and sworn to me
this 10th day
of June, 2003.

_____
Notary Public

Notarial Seal
Andrew M. Kraft, Notary Public
Jenkintown Boro, Montgomery County
My Commission Expires October 18, 2004