UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

JOHN ALEXANDER and BRAULIA ALEXANDER,

                        Plaintiffs,          Case No. 07 CV 6441 (PKC)

   - against-

AMCHEM PRODUCTS, INC., et al.,

                        Defendants.

------------------------------------------------------------------x

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO REMAND THE CASE TO STATE COURT

**WEITZ & LUXENBERG, P.C.**
Attorneys for Plaintiffs
180 Maiden Lane, 17th Fl.
New York, N.Y.  10038

## **TABLE OF CONTENTS**

                                                                                                                                                  **Page**

STATEMENT OF FACTS AND PRIOR PROCEEDINGS .................................................. 1

ARGUMENT ........................................................................................................................ 4

I.    DEFENDANTS' REMOVAL PAPERS ARE DEFICIENT
      BECAUSE ANOTHER REMAINING DEFENDANT HAS NOT
      GIVEN ITS REQUISITE CONSENT TO THE REMOVAL .................................... 4

II.   REMOVING DEFENDANTS HAVE FAILED TO MEET THEIR
      EXACTING BURDEN OF SHOWING THAT DEFENDANT
      UNION CARBIDE WAS FRAUDULENTLY JOINED TO
      DEFEAT DIVERSITY JURISDICTION ..................................................................... 5

         1.  This Court Consistently Has Rejected Similar Fraudulent
             Joinder Claims In Cases From the Same <u>New York City</u>
             <u>Asbestos Litigation</u> ............................................................................................ 6

         2.  Plaintiffs Present Evidence Showing That They Can Assert
             Product Liability Claims Against Union Carbide As Alleged
             In Their Complaint ............................................................................................ 7

III.  PLAINTIFFS SHOULD BE AWARDED THEIR COSTS AND
      FEES IN OPPOSING DEFENDANTS' PATENTLY DEFICIENT
      REMOVAL IN ORDER TO DETER SUCH DILATORY
      REMOVALS IN THE FUTURE ................................................................................. 9

CONCLUSION ..................................................................................................................... 10

1

Plaintiffs John Alexander and Braulia Alexander respectfully submit this memorandum of law in support of their motion to remand this case to state court under 28 U.S.C. §1447, from which it was removed by Defendants Ford Motor Company ("Ford") and General Motors Corporation ("GM"), pursuant to 28 U.S.C. §1441. In an effort to disrail and delay a trial of this case in New York Supreme Court scheduled to begin in early October, Ford and GM have filed a patently deficient notice of removal on the grounds of purported federal diversity jurisdiction, which does not include the necessary consent of another remaining defendant (who is not alleged to be fraudulently joined) to the removal, and whose substance falls far short of the exacting standard for showing fraudulent joinder of a party to avoid diversity jurisdiction. For these reasons, this case should be expeditiously remanded to state court for its scheduled trial.

## STATEMENT OF FACTS AND PRIOR PROCEEDINGS

This action alleging state law product liability claims against several defendants for Plaintiffs' injuries sustained as a result of Mr. Alexander's asbestos exposures, was filed in New York Supreme Court, County of New York, on or about November 21, 2006, under the original caption, John Alexander v. Amchem Products, Inc. et al., Index No. 117395/06. This is one of thousands of asbestos personal injury cases which have been brought and consolidated for all purposes in the In re New York City Asbestos Litigation, Index No. 40000/88, presided over by the Hon. Helen E. Freedman, J.S.C., for almost two decades.

Moreover, because Mr. Alexander is dying from lung cancer, his case was assigned by Justice Freedman to the May 2007 In Extremis Trial Cluster, which under the management order

2

of the New York City Asbestos Litigation, entitles it to an expedited trial. At a pre-trial conference held on June 19, 2007, Justice Louis B. York, to whom the case, along with another case, was assigned for trial, set October 8 as the date of commencement of the trial of this and another case, as well as briefing schedules for pre-trial motions and for the exchange of expert witness reports and other discovery during this summer.

In their Notice of Removal, filed on July 16, 2007, Defendants allege that they first became aware of the grounds for removing the case to federal court at the June 19th pre-trial conference. They learned that of the defendants remaining in this case, Union Carbide Corp. and Bayer CropScience Inc., who was sued as a successor in interest to Defendant Amchem Products, are the only citizens of New York. Notice of Removal, ¶¶6, 9-15. As such, they were the only parties remaining that defeat federal diversity jurisdiction over the case.[1] The Notice alleges, "Union Carbide and Bayer CropScience were brought into this action for the solve purpose of defeating federal diversity jurisdiction as Union Carbide and Bayer Crop Science have no real connection to this matter and there is no reasonable basis for the pleadings and the discovery to date such that plaintiffs can state a cause of action against either Union Carbide or Bayer CropScience." Id., ¶16.

Of relevance to Plaintiffs' motion to remand, Mr. Alexander testified in his deposition that he began working as a car mechanic at K&D Service Station starting in 1959. (Alexander

---

[1] As citizens of New York, these two Defendants defeat federal diversity jurisdiction here because Plaintiffs also are citizens of New York. Moreover, the Defendants, as New York citizens, prevent the removal of this case under 28 U.S.C. §1441(b) because they are "citizen[s] of the State in which such action is brought."

3

Tr. 43-44)[2]  He became a part owner of the station in 1962 or 1963, and a full owner of the station in 1982. (Id. at 44-45)  Among other car repairs he performed, he worked on removing and installing automotive brakes and friction products during this time. (Id. at 87-88)

During the period from roughly 1963 to 1982, Mr. Alexander believed that he was exposed to asbestos in connection with brake jobs "[b]y cleaning the drums out, and blowing it out, the sanding the grinding and sweeping up the place." (Id. at 88-89)  Asbestos dust was blown from the drums when the brakes were removed. (Id. at 56-58)  Sometimes he could tell the brand of the old linings by its still-visible markings or name. (Id. at 59-62, 92-93)  He remembered that among the "old brake linings that were removed during the course of replacing drum brakes at K&D" were Chrysler-brand ones. (Id. at 93-94)

During this time at K&D, he also was exposed to asbestos when he sanded and grinded the new brake linings to fit the brake shoes and drum to be installed. (Id. at 70-71, 88-89)  The new brake linings which he ground and sanded there included Chrysler-brand ones. (Id. at 94-95)  He recalled that he had "big problems" grinding Chrysler linings to fit the drums. (Id. at 70-72)

Defendants' Notice of Removal asserts that Defendants Union Carbide and Bayer CropScience have been fraudulently joined to defeat federal diversity jurisdiction over this case. Notice of Removal, ¶16.  It further states that Plaintiffs' interrogatory responses and Mr. Alexander's deposition testimony fail to mention that he "was exposed to an asbestos-containing product manufactured or sold by Union Carbide or Bayer CropScience." Id., ¶17.

---

[2] "(Alexander Tr. ##)" refers to the page number(s) of the transcript of the deposition of John Alexander, on January 30, 2007 (copies of which are appended at Exhibit 1 to the Affirmation of Stephen J. Riegel, dated July 30, 2007 ("Riegel Aff."))

4

## ARGUMENT

### I.

### DEFENDANTS' REMOVAL PAPERS ARE DEFICIENT BECAUSE ANOTHER REMAINING DEFENDANT HAS NOT GIVEN ITS REQUISITE CONSENT TO THE REMOVAL

Generally, the burden is on the removing party to prove that it has met the requirements for removal. Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000). "Not only must the removing party demonstrate a jurisdictional basis for removal, but it must also demonstrate the necessary compliance with the statutory removal requirements." Codapro Corp. v. Wilson, 997 F. Supp. 322, 325 (S.D.N.Y. 1998). Moreover, because federal courts are of limited jurisdiction, "federal courts construe the removal statute narrowly, resolving any doubts against removability." Somlyo v. J. Lu-Rob Enterprises, Inc., 932 F.2d 1043, 1045-46 (2d Cir. 1991) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)).

Defendants GM and Ford admit in their Notice of Removal that "[a]ll remaining properly joined defendants, with one exception," consent to their removal of this case, and refer to Exhibit H to the document. Notice of Removal, ¶19. The footnote to the "one exception" states, "Counsel for International Truck and Engine Corporation suggests they are in the midst of settlement negotiations with plaintiffs and expects to settle prior to trial." Id. at ¶19 n.2. In Exhibit H to the Notice of Removal, there is no signature by counsel for International Truck and Engine Corp. consenting to the removal.

There is "widespread agreement among the district courts, including those in the Second Circuit, that 'all named [defendants] over whom the state court acquired jurisdiction must join in the removal petition for removal to be proper.'" Codapro Corp., 997 F. Supp. at 325 (quotation

5

omitted); see also Burr ex rel. Burr v. Toyota Motor Credit Co., 478 F. Supp. 2d 432, 437 (S.D.N.Y. 2006); Novick v. Bankers Life Ins. Co. of New York, 410 F. Supp. 2d 98, 100 (E.D.N.Y. 2006). This rule applies to removals for federal diversity jurisdiction under 28 U.S.C. §1441. See Burr, 478 F. Supp. 2d at 436; Novick, 410 F. Supp. 2d at 100.

For this reason alone, Ford and GM's Notice of Removal is defective, and this case should be remanded to New York Supreme Court.

## II.

### REMOVING DEFENDANTS HAVE FAILED TO MEET THEIR EXACTING BURDEN OF SHOWING THAT DEFENDANT UNION CARBIDE WAS FRAUDULENTLY JOINED TO DEFEAT DIVERSITY JURISDICTION

As has often been stated, the standard for showing that a defendant has been fraudulently joined to defeat diversity jurisdiction in federal court is an extremely rigorous one: "[T]he defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1998). In other words, "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." Id. Moreover, "[a] motive [of plaintiff] to prevent removal, by itself, does not render the joinder of a defendant fraudulent for removal purposes." Arseneault v. Congoleum Corp., 2002 WL 472256 at *5 (S.D.N.Y. March 26, 2002); see also Chicago, R.I. & P. Ry. Co.v. Schwyhart, 227 U.S. 184, 193 (1913).

6

## 1. This Court Consistently Has Rejected Similar Fraudulent Joinder Claims In Cases From the Same New York City Asbestos Litigation

Recently, this Court three times has held that defendant has failed to meet its initial burden of showing fraudulent joinder in removing an asbestos personal injury case from New York state courts. Dexter v. A C & S Inc., 2003 WL 22725461 (S.D.N.Y. Nov. 18, 2003) (Casey, J.); Arseneault v. Congoleum Corp., supra (McKenna, J.); Vasura v. Acands, 84 F. Supp. 2d 531 (S.D.N.Y. 2000) (Haight, J.). In all three cases, the Court rejected the same contentions advanced by GM and Ford here – that the plaintiff's failure to directly identify a defendant asbestos product maker or user as exposing him or her to asbestos dictates that the defendant is fraudulently joined. Dexter, at *3; Arsenault, at *7; Vasura, 84 F. Supp.2d at 539.

All three decisions of the Court also emphasize that the standard for evaluating a claim of fraudulent joinder is not one for a summary judgment motion, but rather whether "there is no possibility that plaintiff can state a cause of action 'based on the pleadings.'" Vasura, 84 F. Supp. 2d at 539 (quoting Pampillonia, 138 F.3d at 461); Dexter, at *2; Arseneault, at *7. In two of the cases, plaintiffs' complaints' "broad claims" against the makers and sellers of asbestos products, similar to the allegations against Union Carbide in Plaintiffs' Complaint here[3], were sufficient to establish that there was such a possibility of stating a claim against the non-diverse defendants. Dexter, at *3; Vasura, 48 F. Supp. 2d at 539.

Finally, in Arseneault, this Court considered submissions beyond the pleadings in order to

---

[3] For example, the Weitz & Luxenberg Standard Asbestos Complaint for Personal Injury No. 7 alleges, inter alia, "The asbestos related disease of the plaintiff was proximately caused by [Union Carbide's] negligent actions in that . . . [it] negligently designed, processed, manufactured, packaged, distributed, delivered and/or installed the asbestos-containing products to which the plaintiff was exposed." Id. at ¶172 at p. 26 (a copy of which appears at Exhibit F to Defendants' Notice of Removal)

determine whether the claims against two asbestos product makers were fraudulently joined. Referring to Plaintiffs' submissions of workers' deposition testimony showing that the two defendants' asbestos products were at "work sites in the area in which [plaintiff] worked" at roughly contemporaneous times, Judge McKenna concluded "that there is <u>circumstantial evidence</u> from which it could be found that Mr. Arseneault was affected by products of [the two defendants]."  <u>Arseneault</u>, at *8 (emphasis added).

### 2. Plaintiffs Present Evidence Showing That They Can Assert Product Liability Claims Against Union Carbide As Alleged In Their Complaint

In support of their motion to remand, Plaintiffs submit evidence which substantiates Plaintiffs' claims against Union Carbide, as broadly alleged in the Complaint.  It can reasonably be inferred from this circumstantial evidence that Union Carbide supplied its Calidria-brand raw asbestos fibers to Chrysler which then incorporated it in its brake linings, to which Mr. Alexander has testified he was exposed.

First, Union Carbide shipping records show shipment of thousands of pounds of Calidria asbestos ("Product No. RG-244") to the Chrysler Corp. Chemical Division in Trenton, Michigan, from 1969 through 1978, encompassing the times Mr. Alexander used Chrysler brake linings at the K&D Service Station.  (Copies of these Union Carbide shipping records and invoices appear at Exhibit 2 to the Riegel Aff.)   Additionally, Chrysler's Responses to Plaintiffs' First Set of Interrogatories in an asbestos litigation in Ohio state, "Brake linings were manufactured at the Trenton Chemical Plant for use in its automobiles beginning in 1959 and ending in 1988."

8

(DaimlerChrsyler's Interrogatory Responses at p. 12)[4]  While it never mined or manufactured or sold "raw asbestos fiber," it "purchased chrysotile asbestos fiber" from among others, "Union Carbide Materials Division." (Id.)  The brake linings that Chrysler manufactured included "about 50% chrysotile asbestos" mixed in. (Id.)  The finished linings were marked with its identification as the manufacturer. (Id. at p.13)

It is well-established in New York product liability law, which provides the substantive law of this case, that a maker or seller of a defective component that is incorporated as part of a larger product is liable to the ultimate user of the finished product who is injured by it. See Smith v. Peerless Glass Co., 259 N.Y. 292, 296 (1932); Ayala v. V & O Press Co., 126 A.D.2d 229, 234 (2d Dep't 1987); 1 Weinberger, New York Products Liability 2d §5:07 (1997 ed.) Indeed, in recent decisions, including one in New York, where Union Carbide supplied its same Calidria asbestos to product makers which incorporated it into other asbestos-containing products such as joint compound or tiles, plaintiffs' product liability claims against Union Carbide were allowed to go to trial. See Convertino v. Union Carbide Corp., Index No. 2006-1322, mem. op. (Sup. Ct. Saratoga Co. April 13, 2007) (a copy of which appears at Exhibit 4 to the Riegel Aff.); Conwed Corp. v. Union Carbide Chemicals and Plastics Co., Inc., 287 F. Supp. 2d 993 (D. Minn. 2001); McConnell v. Union Carbide Corp., 937 So.2d 148 (Fla. App. 4th Dist. 2006).

Thus, Defendants Ford and GM have fallen far short of meeting this exacting burden of showing, by clear and convincing evidence, that Plaintiffs cannot assert any possible claim for

---

[4] This citation refers to the page number(s) of DaimlerChrysler Corporations's Responses To Plaintiffs' First Master Set of Interrogatories in Coleman v. A.C. Delco et al., Case No. CV 408170 (Court of Common Pleas, Cuyahoga Co., Ohio), dated November 30, 2000 (a copy of which appears at Exhibit 3 to the Riegel Aff.)

9

relief against Union Carbide, or that it was fraudulently joined as a defendant in this case. Therefore, because federal diversity jurisdiction does not exist between the parties in this case, the case must be remanded to New York Supreme Court where it was originally filed.

### III.

### PLAINTIFFS SHOULD BE AWARDED THEIR COSTS AND FEES IN OPPOSING DEFENDANTS' PATENTLY DEFICIENT REMOVAL IN ORDER TO DETER OTHER SUCH DILATORY REMOVALS IN THE FUTURE

The removal statute under which this motion is brought specifically provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. §1447(c). The awarding of plaintiff's costs and expenses under this provision is within the Court's discretion, and does not require a finding of bad faith or frivolity. Morgan Guar. Trust Co. of New York v. Republic of Palau, 971 F.2d 917, 923-24 (2d Cir. 1992).

Such an award is well justified by the circumstances in this case. As discussed here, Ford and GM's Notice of Removal is facially defective because it fails to include the written consent of another remaining Defendant to their removal under 28 U.S.C. §1441. Additionally, it flies in the face of the recent consistent precedents in this Court denying very similar claims of fraudulent joinder in cases begun in the same New York City Asbestos Litigation as this case.

Finally, no matter what Ford and GM's ultimate intentions or motives in removing this case now, the effect of its removal clearly is to delay and possibly deny Mr. Alexander, dying of lung cancer, the opportunity to be alive and participate in his expedited trial in New York Supreme Court set to begin in early October. (Because removal of this case has stayed the

10

numerous pre-trial discovery and motion procedures in state court that Justice York has scheduled during this and next month, the trial date may have to be postponed.) The awarding of fees and expenses will at least serve to deter in the future, Ford, GM and other Defendants in the <u>New York City Asbestos Litigation</u> from attempting such disruptive and meritless removals before a trial is set to begin.

## CONCLUSION

For the reasons stated herein, the Court should grant Plaintiffs' motion to remand their case to New York Supreme Court, for the award of their fees and expenses in opposing this removal, and for such other relief as the Court finds just.

Dated: New York, N.Y.
       July 30, 2007

                                       Respectfully submitted,

                                       **WEITZ & LUXENBERG, P.C.**
                                       Attorneys for Plaintiffs
                                       180 Maiden Lane, 17th Fl.
                                       New York, N.Y. 10038

By: _____
                      Stephen J. Riegel (SR 8832)
                      (212) 558-5838