# Exhibit 4

Case 1:07-cv-06441-RJS   Document 6-5   Filed 07/31/2007   Page 1 of 6

STATE OF NEW YORK
SUPREME COURT        COUNTY OF SARATOGA

JOHN W. CONVERTINO,

                        Plaintiff,           DECISION
                                              AND ORDER

-vs-
                                              Index #2006-1322
UNION CARBIDE CHEMICALS                   RJI #45-1-06-0801
AND PLASTICS COMPANY, INC., et al.,

                        Defendants.

     The plaintiff, John W. Convertino, commenced the within action to recover damages for personal injuries allegedly resulting from his exposure to various asbestos containing products. The plaintiff commenced his action on June 13, 2006, by filing a Summons and Complaint in the Saratoga County Clerk's Office. Issue was subsequently joined and discovery has been conducted pursuant to an expedited discovery schedule.

     The defendant, Union Carbide Chemicals and Plastics Company, Inc. (Union Carbide), has now made a motion for summary judgment dismissing plaintiff's Complaint and all cross-claims asserted against it pursuant to CPLR §3212. The defendant seeks summary judgment on the theory that the plaintiff has been unable to specifically identify or prove exposure to any asbestos containing materials manufactured by the defendant, Union Carbide, or any specific asbestos otherwise supplied by the defendant, Union Carbide.

     The plaintiff is presently 53 years old and asserts that he was exposed to various asbestos containing products while he was employed as an electrician's helper for three relatively brief time periods. The plaintiff worked as an electrician's helper during the summer of 1975 at the Pyramid Mall in Saratoga Springs, New York. He worked for approximately two weeks during

spring break in 1976, at the Aviation Mall in Glens Falls, New York, and he worked the summer of 1977, as well at the Aviation Mall.

The plaintiff alleges he was exposed to the defendant's asbestos containing product because he worked in the immediate vicinity of sheet rockers who were using joint compound that contained asbestos supplied by the defendant, Union Carbide.

In plaintiff's Supplemental Answers to Interrogatories which is dated December 19, 2006, the plaintiff stated, "With respect to defendant, Union Carbide, Robert Convertino testified that one of the joint compound products his brother was exposed to included, but was not limited to, Georgia-Pacific Ready Mix Joint Compound during the time frame 1975 through 1977. Plaintiff alleges the defendant, Union Carbide, supplied asbestos to Georgia-Pacific Corporation that was contained in the Georgia-Pacific Ready Mix Joint Compound during this 1975 through 1977 time frame. Plaintiff will rely upon the deposition testimony of Georgia-Pacific witness, William Lehnert, who testified on October 3, 2001, regarding the supply of Union Carbide asbestos to the Georgia-Pacific Ready Mix Joint Compound."

A proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issue of fact. <u>Alvarez v. Prospect Hospital</u>, 68 NY2d 320, 324 (1986). In the context of an asbestos case, the defendant must make a prima facie showing that its product could not have contributed to the causation of plaintiff's injury. <u>Comeau v. W.R. Grace & Co.</u>, 216 AD2d 79, 80 (1st Dept. 1995); <u>Reid v. Georgia-Pacific Corporation</u>, 212 AD2d 462 (1st Dept. 1995).

The Court also notes that since this is a summary judgment motion, it must view the evidence in a light most favorable to the non-moving party, drawing all reasonable inferences in

favor of the non-moving party. Salerno v. Garlock, Inc., 212 AD2d 463, 464 (1st Dept. 1995); Goff v. Clark, 302 AD2d 725 (3rd Dept. 2003).

Union Carbide alleges it did not manufacture any of the joint compounds at issue in this case. The defendant also asserts that it was merely one of three companies that supplied Georgia-Pacific with raw asbestos for use in its products. The defendant argues that there is no proof that its asbestos was the cause of the plaintiff's illness. Union Carbide also asserts that it has no liability in this case under any circumstances because it was simply a bulk supplier to a sophisticated buyer.

In response to Union Carbide's motion for summary judgment, the plaintiff has submitted an affidavit from his treating physician along with his own deposition testimony and the deposition testimony of a co-worker. The plaintiff testified at length with respect to his exposure to dust generated from sheetrock and joint compound. The plaintiff was unable to specifically identify any of the manufacturers of the products involved. The co-worker testimony from Robert Convertino identified several different companies, one of which was Georgia-Pacific Ready Mix Joint Compound. The plaintiff alleges that the defendant, Union Carbide, provided the asbestos to Georgia-Pacific for use in its Ready Mix Compound.

The plaintiff also included the deposition testimony of William Lehnert, a former employee and consultant of Georgia-Pacific. The plaintiff contends that this deposition testimony clearly establishes that Georgia-Pacific produced asbestos containing joint compound which contained asbestos obtained from Union Carbide. Mr. Lehnert stated that there was a Georgia-Pacific plant in Akron, New York, and this plant generally served the northeastern United States.

A plaintiff can successfully defeat a summary judgment motion by raising a material issue of fact and, once again, when this standard is applied to asbestos litigation, it has been held that

plaintiff need not show the precise causes of his damages but only facts and conditions from which defendant's liability may be reasonably inferred. Lloyd v. W.R. Grace & Co., 215 AD2d 177 (1st Dept. 1995); also see In Re New York City Asbestos Litigation v. A.C. & S., 7 AD3d 285 (1st Dept. 2004); In Re Eighth Judicial District Asbestos Litigation v. Amchem Products, Inc., 32 AD3d 1268 (4th Dept. 2006).

In light of the foregoing, the Court finds that there is a material issue of fact with regard to Union Carbide's product and whether it contributed to the causation of injury to the plaintiff. The Court also notes that there are issues of credibility raised in the motion papers which should not be resolved in the content of a summary judgment motion. Ferrante v. American Lung Association, 90 NY2d 623, 630 (1997); Heckel v. Amatex Corp., 269 AD2d 749 (4th Dept. 2000), Root v. Eastern Refractories Co., Inc.; 13 AD3d 1187 (4th Dept. 2004).

In one final point, the Court will just briefly address the remaining arguments of the defendant, Union Carbide, with respect to its claim that Georgia-Pacific was a "sophisticated user" of asbestos. The various submissions by the parties which are in the record before the Court clearly raise an issue of fact with respect to this doctrine and whether its application would apply to the case at bar.

Defendant's motion for summary judgment is denied, without costs.

This writing constitutes the Decision and Order of the Court.

Signed this 13th day of April, 2007, at Johnstown, New York.

_____
HON. RICHARD T. AULISI
Justice of the Supreme Court

ENTER

Index No.            Year 20

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**JOHN ALEXANDER and BRAULIA ALEXANDER,**     Case No.: 07 CV 6441 (PKC)

**Plaintiffs,**

- against -

**AMCHEM PRODUCTS, INC., ET AL.,**

**Defendants.**

---

**PLAINTIFFS' AFFIRMATION IN SUPPORT OF THEIR MOTION TO REMAND**

---

*Attorneys for*

WEITZ & LUXENBERG, P.C.

**Plaintiffs**
180 Maiden Lane
New York, NY 10038
(212) 558-5500

---

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

Dated:.................................     Signature.................................................

Print Signer's Name.................................................

---

Service of a copy of the within                                       is hereby admitted.

Dated:

*Attorney(s) for*

---

PLEASE TAKE NOTICE

☐ NOTICE OF ENTRY    that the within is a (certified) true copy of a entered in the office of the clerk of the within named Court on     20

☐ NOTICE OF SETTLEMENT    that an Order of which the within is a true copy will be presented for settlement to the Hon.     one of the judges of the within named Court, at
on      20    , at     M.

Dated:

WEITZ & LUXENBERG, P.C.

*Attorneys for*

180 Maiden Lane
New York, NY 10038

To: