# WEITZ
# &
# LUXENBERG

A PROFESSIONAL CORPORATION

• LAW OFFICES •

180 MAIDEN LANE • NEW YORK, N.Y. 10038-4925
TEL. 212-558-5500      FAX 212-344-5461
WWW.WEITZLUX.COM

PERRY WEITZ
ARTHUR M. LUXENBERG
ROBERT J. GORDON ††

EDWARD S. BOSEK
EDWARD BRANIFF ††
JOHN M. BROADDUS ✶
DANIEL C. BURKE
PATTI BURSHTYN ††
LISA NATHANSON BUSCH
BRIAN BUTCHER ○
DAVID A. CHANDLER
EILEEN CLARKE
THOMAS COMERFORD ††
ADAM R. COOPER
TERESA A. CURTIN ▲▲
BENJAMIN DARCHE
CHARLES M. FERGUSON
STUART R. FRIEDMAN

STEVEN J. GERMAN ▲
LAWRENCE GOLDHIRSCH **
ROBIN L. GREENWALD • **
EDWARD J. HAHN *
CATHERINE HEACOX ††
RENEÉ L. HENDERSON **
MARIE L. IANNIELLO †*
ERIK JACOBS
GARY R. KLEIN ††
GLENN KRAMER ‡‡
JERRY KRISTAL **§
DEBBI LANDAU
ROBERTO LARACUENTE *
HANNAH LIM ✦
JAMES C. LONG, JR. **

VICTORIA MANIATIS ††
CURT D. MARSHALL ‡
HADLEY L. MATARAZZO ††
RICHARD S. McGOWAN * ‡‡ ‡
WILLIAM J. NUGENT
ANGELA T. PACHECO ○
MICHAEL E. PEDERSON
PAUL J. PENNOCK ‡
STUART S. PERRY *
ELLEN RELKIN *▲
STEPHEN J. RIEGEL ††
MICHAEL P. ROBERTS
CHRIS ROMANELLI ††
JILLIAN ROSEN
DAVID ROSENBAND

JIM R. ROSS ○
SHELDON SILVER *
FRANKLIN P. SOLOMON ¶
LEMUEL M. SROLOVIC
JAMES S. THOMPSON ††
JOSH VITOW
DOUGLAS D. von OISTE ‡
WILLIAM A. WALSH ††
JOSEPH P. WILLIAMS
NICHOLAS WISE
ALLAN ZELIKOVIC
GLENN ZUCKERMAN

* Of Counsel
‡ Also admitted in CT
• Also admitted in FL
‡‡ Also admitted in MA
†† Also admitted in NJ
§ Also admitted in DC
† Also admitted in NJ and CT
** Also admitted in NJ and PA
▲ Also admitted in NJ and DC
▲▲ Also admitted in NJ and ME
✶✶ Also admitted in DC and TX
● Also admitted in DC, VA
¶ Admitted only in NJ and PA
✦ Admitted only in NJ
✱ Admitted only in DC, MD, PA and VA
■ Admitted only in CO
✱✱ Admitted only in IL
○ Admitted only in TX

November 12, 2007

Hon. Richard J. Sullivan
United States District Judge
United States Courthouse
500 Pearl Street
New York, N.Y. 10007-1312

     Re:   <u>Alexander et al. v. Amchem Products, Inc., et al.</u>,
              <u>Case No. 07 CV 6441 (RJS)</u>

Dear Judge Sullivan:

     Plaintiffs John Alexander and Braulia Alexander respectfully submit this letter brief in reply to their motion to remand this case to state court. Since Defendants Ford Motor Company and General Motors Corporation have filed just a rehash of papers they filed in a related case which they also removed from the <u>In re New York City Asbestos Litigation</u> (N.Y. Sup. Ct.) at the same time, <u>Sherman et al. v. A.J. Pegno Construction Corp., et al.</u>, Case No. 07 CV 6433 (RJS), Plaintiffs also incorporate into this letter all the arguments that were raised in plaintiffs' reply letter brief in that action, filed on October 9, 2007.

     Most remarkably, Defendants have no answer to the patent invalidity of their notice of removal papers – one of the non-allegedly fraudulently joined defendants, International Truck and Engine Corporation, failed to expressly consent at the time of the removal of the case under 28 U.S.C. §1446, governing the procedure for removal. <u>See</u> Plaintiffs' Memorandum of Law In Support of Their Motion To Remand, at Point I. It is clearly-established law that a removal under that provision must have the consent of <u>all</u> defendants. <u>See Doe v. Kerwood</u>, 969 F.2d

1

*215 South Monarch Street, Suite 202*  *210 Lake Drive East, Suite 101*  *76 South Orange Avenue, Suite 201*  *100 E. 15th Street, Suite 400*
*Aspen, CO 81611*  *Cherry Hill, NJ 08002*  *South Orange, NJ 07079*  *Fort Worth, Texas 76102*
*(970) 925-6101*  *(856) 755-1115*  *(973) 761-8995*  *(817) 885-7815*


2179-123

165, 167 (5th Cir. 1992); Payne v. Overhead Door Corp., 172 F. Supp. 2d 475, 476-77 (S.D.N.Y. 2001); Codapro Corp. v. Wilson, 997 F. Supp. 322, 325 (S.D.N.Y. 1998); Marshall v. Skydive America South, 903 F. Supp. 1067, 1070-71 (E.D. Tex. 1995); 14B Wright & Miller, Fed. Prac. & Pro.: Juris. 3d §3723 (2007) ("a cardinal rule [for removal of diversity jurisdiction cases] is that . . . all defendants must join in the notice of removal"). This "rule of unanimity 'advances the congressional purpose of giving deference to a plaintiff's choice of a state forum and of resolving doubts against removal and in favor of remand.'" Miller v. First Sec. Investments, Inc., 30 F. Supp. 2d 347, 350 (E.D.N.Y. 1998) (quoting Ogletree v. Barnes, 851 F. Supp. 184, 187 (E.D. Pa. 1994)) (emphasis added).

   The very fact that GM and Ford removed this case just before Mr. Alexander, a dying man, was to be afforded a preferential trial, using such a blatantly defective notice of removal, is yet another reason why Plaintiffs should be awarded their fees and costs under 28 U.S.C. §1447(c). Indeed, but for Defendants' obviously improper and abusive removal of his case, Mr. Alexander's trial would by all rights have been completed by now. As the Supreme Court has recently explained the purpose for the awarding of costs and fees under this statutory provision, "Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." Martin v. Franklin Capital Corp., 546 U.S. 132, 140 (2005); see also Allen v. Monsanto Co., 396 F. Supp. 2d 728, 733 (S.D. W. Va. 2005) (award of fees under §1447(c) where case was remanded because defendant failed to obtain consent of another defendant to removal); Greenidge v. Mundo Shipping Corp., 60 F. Supp. 2d 10, 12 (E.D.N.Y. 1999) (fees and costs awarded where "the impropriety of the removal should have been clear").

   Otherwise, Defendants' song remains the same – that a settlement is in the works sometime in the future between Plaintiffs and Defendant Union Carbide Corporation, although it is uncontested that no such settlement exists now or will in the near future; that Union Carbide was fraudulently joined as a defendant, indeed the very basis of their removal, while simultaneously asserting that Union Carbide currently is negotiating a settlement of Plaintiffs' claims asserted in this same case; and that this Court should retain jurisdiction over this case until such a settlement is reached and presumably then have the case transferred to the Asbestos MDL Litigation for further pre-trial proceedings lasting for many more months, whereas this Court must first determine whether the case has been properly removed to federal court and is within its limited jurisdiction, or whether it should have remained in state court where Plaintiffs filed it.

   Plaintiffs also wish to advise Your Honor of recent proceedings in the litigation between the parties before the Judicial Panel of Multidistrict Litigation in Washington, D.C., in this case, and in the Sherman case. In both cases, plaintiffs have filed motions to vacate or stay the conditional transfer order transferring them to the Asbestos MDL Litigation so that their motions to remand their cases can be decided by Your Honor. These motions are among those on a list that the Judicial Panel will consider at a Hearing Session on November 29, 2007, at the United States Courthouse in San Diego, California, without

oral argument.

For the reasons presented here and in their initial Memorandum of Law, Plaintiffs respectfully request that their motion to remand their case to New York State Supreme Court be granted, and their request for costs and fees in connection with opposing Defendants GM and Ford's removal be allowed.

                                      Respectfully submitted,

                                      **WEITZ & LUXENBERG, P.C.**
                                      Attorneys for Plaintiffs John Alexander
                                      and Braulia Alexander

By: _____
                                      Stephen J. Riegel (SR-8832)
                                      (212) 558-5838

cc: Jay A. Rappaport, Esq.
     Don Pugliese, Esq.
     Judith Yavitz, Esq.
     Francis F. Quinn, Esq.
     Joseph Churgin, Esq.