SR 8832

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

JOHN ALEXANDER and BRAULIA ALEXANDER,

                    Plaintiffs,

- against -

AMCHEM PRODUCTS, INC., et al.,

                    Defendants.

-----------------------------------------------------------------x

**AFFIRMATION IN SUPPORT OF PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES AND COSTS**

Case No. 07 CV 6441 (RJS)

      **STEPHEN J. RIEGEL**, an attorney duly admitted to practice law in this Court and the Courts of the State of New York, hereby affirms the following to be true under penalty of perjury:

      1. I am associated with the law firm of Weitz & Luxenberg, P.C., attorneys for Plaintiffs John Alexander and Braulia Alexander, and as such am fully familiar with all prior pleadings and proceedings here and in the court below.

      2. I make this affirmation in support of Plaintiffs' application for costs and expenses, including attorneys' fees, incurred as a result of Defendants General Motors Corporation ("GM") and Ford Motor Company's ("Ford") removal of this action to this Court, as provided for in Your Honor's Memorandum and Order, dated November 30, 2007 ("Memorandum"), in this action and in <u>Moses Sherman et al. v. A.J. Pegno Construction Corp., et al.</u>, No. 07 Civ. 6433 (RJS) ("<u>Sherman</u>") (which was removed by GM and Ford contemporaneously with this action from the <u>In re New York City Asbestos Litigation</u> in the Supreme Court of New York,

1

County of New York).

3. As for my professional background and experience, I have been the head of the Appellate Unit at Weitz & Luxenberg for the past five years. As such, I have engaged in appeals before the Appellate Divisions and the Court of Appeals of the State of New York, the U.S. Court of Appeals for the Second Circuit, and the Appellate Division of the State of New Jersey, as well as litigating frequently in this Court and the U.S. District Courts for the Eastern and Western Districts of New York.

4. Before my current job, I served as an Assistant U.S. Attorney for the Eastern District of New York from 1989 to 2001, and a law clerk for the Honorable Frederick B. Lacey and the Honorable Harold A. Ackerman of the U.S. District Court for the District of New Jersey from 1984 to 1986. I have been a member in good standing of the bars of the State of New York and the State of New Jersey for over twenty years. I graduated from Stanford University Law School in 1984.

5. In all of my past positions, the bulk of my experience and expertise has been spent in complex civil litigation of all types, both affirmative and defensive, in federal district courts and court of appeals.

6. Since I work for a plaintiffs-side product liability law firm, I do not bill my time on an hourly basis to my clients. For purposes of this application, an estimate is made of what hourly rate my time would be billed at a more traditional law firm. Based on my experience and skills summarized above, and my relative seniority and supervisory position at the firm of Weitz

& Luxenberg, P.C.[1], I submit that an hourly rate of six hundred dollars ($600) per hour is a reasonable estimate.

7. Since I also don't prepare any daily time records of which cases I spend time on, I have been making contemporaneous notations on my desk calendar of the amount of time I have spent on this case since it was removed to this Court (redacted copies of which are appended at Exhibit 1).

8. I spent the following time on these days in researching, drafting, preparing, and filing and serving Plaintiffs' motion to remand papers in this case (including a ten-page memorandum of law and affirmation with extensive testimony from Mr. Alexander's deposition), which were electronically filed on July 31, 2007:

| | |
|---|---|
| July 23 | 3 hours |
| July 24 | 2.5 hours |
| July 25 | 3 hours |
| July 26 | 2.5 hours |
| July 27 | 2 hours |
| July 30 | 2.5 hours |
| July 31 | 4 hours |
| | 19.5 hours[2] |

9. I spent two hours on August 13, 2007, writing and serving a letter to the Hon. George

---

[1] Nor does Weitz & Luxenberg have a traditional partnership position as in most law firms.

[2] As for my calendar entries for July 23-31, the hours spent are not divided between this case and Sherman. During this time, I was working on motions to remand in both cases (the motion in Sherman was filed one day after the one in this case), for which there was substantial overlap in the researching and writing of the motions – both cases were removed by the same parties on the same grounds of fraudulent joinder of one of the defendants, and both remand motions primarily addressed the issue of fraudulent joinder, which the Memorandum granted in both cases. Accordingly, I have split the hours noted in my calendar for each of these days in half, except for July 31, when our motion to remand in this case was filed and served.

3

B. Daniels, the new District Judge that this case had been reassigned to, which enclosed Plaintiffs' motion to remand papers already filed (a copy of which is appended at Exhibit 2).[3]

10. I spent one hour preparing for and attending the pre-motion conference before Your Honor, held on September 19, 2007, in the Sherman case, at which I requested that this case be transferred and consolidated with it.

11. I spent the following time on these days researching, writing, and filing and serving Plaintiffs' Letter Brief in reply to their motion, dated November 13, 2007, in this case:

| | |
|---|---|
| Nov. 8 | 3 hours |
| Nov. 9 | 4 hours |
| Nov. 12 | <u>2 hours</u> |
| | 9 hours |

12. The total hours I spent on all these matters in this action were thirty-one and one-half (31.5) hours. At the hourly rate estimated above, Plaintiffs' total attorneys' fees spent on opposing GM and Ford's removal of this action in this Court is eighteen thousand, nine hundred dollars ($18,900.00).

13. Plaintiffs' counsel will not seek compensation for the equal, if not greater, amount of time he spent in opposing and making a motion to vacate the conditional transfer order involving this case before the Judicial Panel of Multidistrict Litigation, which had to be made in order

---

[3] Although this was a CM/ECF case, only the counsel for the removing defendants was entered in the computer. Thus, Plaintiffs had to manually serve counsel for the other remaining defendants with all papers regarding their motion to remand.

4

to have their motion to remand considered by Your Honor.

Dated: New York, N.Y.
       December 14, 2007

                                                    _____
                                                    Stephen J. Riegel