UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOHN ALEXANDER and
      BRAULIA ALEXANDER,

                            Plaintiffs,

   - against -

AMCHEM PRODUCTS, INC., et al.,

                            Defendants.
------------------------------------------------------------x

**AFFIRMATION IN OPPOSITION**

**Case No: 07 CV 6441 (RJS)**

      ELLIOTT J. ZUCKER, an attorney duly admitted to practice law before this Court and the courts of the state of New York, hereby affirms under the penalties of perjury and upon information and belief as follows:

      1.    I am a member of the law firm of AARONSON RAPPAPORT FEINSTEIN & DEUTSCH, LLP, the attorneys for defendants FORD MOTOR COMPANY and GENERAL MOTORS CORPORATION in the above-captioned litigation. As such, I am fully familiar with the facts and circumstances herein, based upon a review of the file maintained in your affirmant's office for the defense of the within matter.

      2.    This affirmation is made in opposition to the plaintiffs' affirmation in support of their request for attorneys' fees and costs, which was in turn made pursuant to the court's recent decision allowing the imposition of costs in granting the plaintiffs' motion to remand this case back to state court.

      3.    The plaintiffs' affirmation seeks costs and fees in the amount of $18,900, which we would submit is an extraordinarily large sum. In opposing the plaintiffs' request, and in suggesting that this court substantially reduce the fee award, we would argue that our adversary's

615950v

calculation is based on an hourly rate that is completely unrealistic, that their calculation of time spent working on this case seems exaggerated, and that their suggested fee seems more punitive in nature than compensatory.

4. To begin with what is perhaps the most outrageous part of the plaintiffs' fee application, our opponents submit that, although they admittedly do not charge by the hour, nevertheless an hourly rate of $600 is reasonable. The question that initially obviously arises is where this figure comes from. There is nothing in the plaintiffs' papers even remotely suggesting how they came to the conclusion that $600 per hour is "reasonable," as should be their burden, and we would submit that this figure is instead quite literally a fantastical, pie-in-the-sky number pulled out of thin air.

5. To give a sense of the inflated nature of this hourly fee suggestion, we would ask that the court look at the hourly rate charged by your affirmant's own office with regard to this litigation. Since plaintiffs' counsel emphasizes his own background, the court should note that your affirmant is a graduate of The University of Pennsylvania and Fordham University School of Law, and I have been admitted to the Federal Bar for sixteen years. My firm does have a "traditional" partnership structure, and I am a partner at AARONSON RAPPAPORT FEINSTEIN & DEUTSCH, LLP, where I have been employed since 1996. In my job I deal exclusively with appellate and complex motion practice. With this background, I hereby affirm to the court that my client is charged an hourly rate of $255 an hour for my work on this case, which is split evenly by FORD and GENERAL MOTORS.

6. We would submit that a $600 an hour fee (a fee, it should be remembered, that is entirely theoretical since plaintiffs' counsel does not charge their clients for their services other than on a contingency basis) is completely unrealistic when contrasted with the real-world fee

that is paid to defense counsel by two of the largest corporations in the country. We can think of no justification for the plaintiff being allowed to be compensated at a fee over 130% greater than the fee charged by defense counsel. We would therefore begin by suggesting that the court reduce the plaintiffs' award by calculating it at an hourly rate that is certainly no more than the rate charged by defense counsel (and again keeping in mind that the plaintiffs themselves, as opposed to their counsel, incurred no actual costs with regard to this motion practice).

7.  We would also respectfully suggest that the plaintiffs' time calculations seem exaggerated, if not nearly as outlandishly so as their hourly fee. For example, the court must remember that in arguing for a remand back to state court, it was the plaintiffs' position that this was a matter of extremely straightforward, black letter law. Indeed, the plaintiffs relied on three cases which they insisted were so remarkably parallel to the situation at bar that no great complex analysis was required. We believe it is legitimate to ask why, if the law really is as basic and straightforward as the plaintiffs' motion papers would have us believe, it still nevertheless required some 39 hours to prepare those motion papers (half of which the plaintiffs assign to the <u>Alexander</u> case). Especially given opposing counsel's level of experience, (coupled with a firm that does not keep track of hours in the traditional sense that a firm would if they were charging an hourly rate), this figure seems exaggerated. Our adversaries, of course, might argue that their time estimate takes into account not just what is likely to have been the relatively minimal legal research that was needed, but also the need to review "extensive testimony from Mr. <u>Alexander</u>'s deposition." Even here, however, the court should remember that the relevant testimony from Mr. <u>Alexander</u>'s deposition came to only approximately fifteen or so pages. Again, we would suggest, the combined time purportedly spent on the <u>Sherman</u> and <u>Alexander</u> initial motion papers seems unreasonably exaggerated.

8.  The same is true of the plaintiffs' charge of two hours to write the August 13, 2007 letter. That letter was not even two full pages, amounting to only two substantive paragraphs. We can see no legitimate reason why it would take so long to write such a short letter.

9.  Next, the plaintiff charges one hour for preparing for a conference held on September 19, 2007. This charge should be entirely eliminated. To be clear, the September 19, 2007 conference was exclusively with regard to the Sherman case, and at that time, the Alexander matter had not even been transferred to Your Honor's docket. While it is true that, at the end of this conference, the parties engaged in an extremely brief conversation in which we all agreed to the eventual transfer of the Alexander case to Your Honor, that short, post-argument discussion was not something that required any preparation time at all. Put simply, the plaintiff should not be allowed to charge to prepare for and attend a conference that, for the Alexander case, never did or was even scheduled to occur.

10. Finally, the plaintiffs submit a charge of nine hours for their November 13, 2007 letter brief in reply to the defendant's opposition to the remand motion. In evaluating this figure, the court should keep in mind that while the plaintiffs' initial remand motions on the Sherman and Alexander cases were prepared contemporaneously to each other, that was no longer true by the time of the reply letter briefs that the plaintiffs submitted on those two cases. Indeed, while the arguments in both were largely identical, the Alexander reply letter brief came quite some time after plaintiffs' counsel drafted his reply letter brief on the Sherman case (a case, it should be remembered, for which the plaintiff has been held not entitled to costs). Nevertheless, the reply letter brief on Alexander (which is chargeable) is substantially similar to the previously-drafted reply letter brief previously submitted on Sherman (which is not), which is not surprising

615950v

4

since both letter briefs were replying to substantially the same arguments that were made in opposition. We would respectfully submit that nine hours is an extraordinarily large amount of time to simply re-draft a previously-submitted reply letter brief.

11.  Finally, we would suggest that the size of the plaintiffs' request is a clear indication that they are trying to backhandedly obtain a punitive sanction against the defendants for removing the case in the first place, keeping in mind that the plaintiff requested sanctions in the first instance. The idea of extracting some kind of punitive costs award, however, is not only inappropriate on its face, but is inappropriate considering some of the conduct that has gone on with regard to this motion. The court should remember, after all, that it was plaintiffs' counsel who withheld during the court conference relevant information that they had reached an oral settlement on both the Alexander and Sherman cases with Union Carbide, and neglected to mention in the papers themselves that an actual settlement had been reached with International Truck. Indeed, in assessing the plaintiffs' requested costs award, it should also be remembered that costs are being awarded solely as the result of what could fairly be classified as a quirk in timing. Thus, pursuant to this court's decision, costs are being awarded because the defendants had failed to obtain the consent of one party before the case was removed to federal court. That party (International Truck), however, did not affirmatively oppose removal, but simply did not want to put its name on an affirmative consent during the midst of their settlement negotiations with plaintiffs' counsel, negotiations which were indeed successfully concluded shortly thereafter. Put another way, if FORD had simply removed the case to federal court a short time after it did so, or if the plaintiff had finalized their settlement negotiations with International Truck a short time before it ultimately did so, costs would not have been awarded in the first

instance. Given these underlying facts, it seems inappropriate to award costs based on the Draconian calculations of our adversaries.

WHEREFORE, it is respectfully requested that this court reduce the plaintiffs' cost application to a more reasonable, realistic level, and grant such other and further relief as may be appropriate.

Dated:    New York, New York
          December 21, 2007

_____
ELLIOTT J. ZUCKER (EJZ 8664)

615950v

6